**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY – At Covington**

| | |
|---|---|
| **COREY R. LEWANDOWKSI** | : |
| And | : |
| **LEWANDOWSKI STRATEGIC ADVISORS, LLC** | : |
| | : |
| **Plaintiffs** | |
| | : |
| v. | |
| | : |
| **ERIC C. DETERS** | |
| 5247 Madison Pike | : |
| Independence, Kentucky 41051 | |
| | : |
| And | |
| | : |
| **DETERS FOR GOVERNOR CAMPAIGN** | |
| 5247 Madison Pike | : |
| Independence, Kentucky 41051 | |
| | : |
| And | |
| | : |
| **BULLDOG MEDIA, INC.** | |
| c/o Eric C Deters (agent) | : |
| 5247 Madison Pike | |
| Independence, KY 41051 | : |
| | |
| And | : |
| | |
| **ERIC C DETERS IRREVOCABLE TRUST** | : |
| c/o Eric Deters (co-Trustee) and | |
| Mary Z. Deters (co-Trustee) | : |
| 12267 Green Rd. | |
| Walton, KY 41094 | : |

## PLAINTIFFS' VERIFIED COMPLAINT

1. Plaintiff Corey R. Lewandowski is a resident, citizen, and domiciliary of Windam, New
   Hampshire.

1

2. Plaintiff Lewandowski Strategic Advisors, LLC is a Delaware Corporation, with its principal place of business in Salem, New Hampshire. It is owned by Plaintiff Corey Lewandowski.

3. Defendant Eric C. Deters ("Deters") is a resident, citizen, and domiciliary of Kenton County, Kentucky.

4. Defendant Deters for Governor Campaign ("Campaign") is the campaign for Eric C. Deters for Governor, is not registered as a separate entity with the Kentucky Secretary of State, and is for all intents and purposes, the alter ego of Eric C. Deters, and is based in and a citizen of, Kenton County, Kentucky.

5. Defendant Bulldog Media, Inc. ("Bulldog Media") is a Kentucky Corporation with its headquarters and principal place of business, in Kenton County, Kentucky. It is solely owned by Eric C. Deters.

6. Deters is also a co-Trustee, with his wife, Mary Z. Deters, of the Eric C. Deters Irrevocable Trust ("Trust"), which is also based in Kentucky, as explained below, is an instrument that Defendant Deters utilizes as his alter ego to conduct fraudulent transactions. Mary Z. Deters is also a resident of Kentucky.

## Jurisdiction and Venue

7. Subject matter jurisdiction over the claims and causes of action asserted by the Plaintiffs in this action is conferred on this Court pursuant to 28 U.S.C. §1332 and other applicable law.

8. Specifically, there is complete diversity between the Plaintiffs, who are both domiciled and citizens of New Hampshire, and Defendants, who are all domiciled and citizens of Kentucky. Further, and as expressed below, the amount in controversy exceeds $75,000.

9.  This Court has personal jurisdiction over Defendants because they are citizens of and reside in Kentucky and this judicial district.

10. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2) in that the Defendants reside in, and the facts giving rise to this matter arose in, the Eastern District of Kentucky and the Covington Division.

## Facts

11. Plaintiffs reincorporate the preceding paragraphs as if fully set forth herein.

12. Plaintiff, Corey Lewandowski ("Mr. Lewandowski") is a long-time associate of former President Donald Trump.

13. Mr. Lewandowski met Deters at an expensive Mar-A-Lago fundraising event on February 23, 2022.  The event cost $100,000 to attend.

14. Deters paid to attend that event in hopes he would receive former President Donald Trump's endorsement for Deters' campaign for Governor of Kentucky.

15. At that February 23, 2022 Mar-A-Lago event, Deters made the following material representations to Mr. Lewandowski: that he, Deters, was a well-respected Kentucky attorney, was independently wealthy, had more than $5,000,000 in the bank, and had sufficient funds to self-fund his campaign for Governor.

16. Mr. Lewandowski had no reason to disbelieve these statements, and justifiably relied upon them to enter into a relationship with Deters and his Campaign.

17. On or about March 7, 2022, Plaintiff Lewandowski Strategic Advisors, LLC entered into an agreement (hereinafter "Agreement") with Deters and the Campaign.  A true and accurate copy of that Agreement is attached hereto as **Exhibit A**.

18. Attached to the Agreement was a schedule of deliverables, which was made part of the Agreement in Paragraph 1.  Specifically, Lewandowski Strategic Advisors, LLC, indicated that it would provide "Strategic advice and counsel designed to further the goals of Client;" further, "[i]f requested, Corey R. Lewandowski shall hold at least one meeting or a conference call each week with a representative of Client (as designated by Client) to discuss the ongoing status of the services and work performed under this Agreement;" and finally "[f]ull compliance with all federal, state, and local laws regarding these Services."

19. Under Paragraph 2 of the Agreement, any other tasks outside the aforementioned scope would be "agree[d] on in writing."

20. Under Paragraph 4 of the Agreement, the term was through November 30, 2022, unless otherwise terminated.

21. Under Paragraph 5 of the Agreement, either party could terminate the agreement with 30 days' notice to the other.

22. Under Paragraph 6 of the Agreement, all payments due had to be made on or before the date of termination.

23. Under Paragraph 10 of the Agreement, compensation was due in the amount of $17,500 per month, with the first payment for March, 2022, due immediately, and remaining payments of $17,500 per month due on the first business day of each subsequent month.

24. Under Paragraph 12 of the Agreement, reimbursement of approved expenses were likewise due at the same time.

4

25. Under Paragraph 18 of the Agreement, Lewandowski Strategic Advisors, LLC acknowledged it was relying on the statements Deters made to it to help make its decisions.

26. Under Paragraph 21 of the Agreement, all notices under the Agreement had to be in writing.

27. Under Paragraph 22 of the Agreement, Deters and his Campaign agreed to indemnify Lewandowski Strategic Advisors, LLC against all "claims, losses, damages, liabilities, penalties, expenses, [and] reasonable legal fees," which "arise out of any act or omission caused by the gross negligence or intentional act" of the indemnifying party.

28. Under Paragraph 25 of the Agreement, any modifications of the Agreement had to be made in writing, signed by both parties.

29. Under Paragraph 29 of the Agreement, all undertakings and promises under the Agreement were contained within it.

30. Deters signed the Agreement on March 7, 2022.

31. After signing the Agreement, Deters expressed his ardent desire to be endorsed by former President Donald Trump.  For his part, and consistent with Paragraph 29 of the Agreement, Mr. Lewandowski told Deters that former President Donald Trump makes his own decisions on endorsements and that he, Mr. Lewandowski, could not guaranty any such endorsement.

32. Deters and his Campaign paid the $17,500 due for March, 2022.

33. Deters and his Campaign did not pay when due and owing the fee for services rendered in April, 2022, but promised to make that payment in May, 2022.

5

34. At Deters request, Mr. Lewandowski took a trip to Kentucky in May, 2022, stayed with Deters, and gave a multiple-hour presentation to Deters' supporters about a plan to win the race for Governor.  In advance of that trip, Deters agreed to reimburse Mr. Lewandowski's travel expenses.

35. In May, 2022, rather than paying what was owed, Deters paid $17,100 for May, and failed to make the April, 2022 payment that was due and owing.

36. Also in May, 2022, Deters paid to attend a Kentucky Derby event held on May 7, 2022, with former President Trump, at a cost to Deters of $75,000.

37. Certain appropriate behavior was expected from attendees by former President Trump and his associates at that May 7, 2022, event.  Attendees were told ahead of time it would be inappropriate to post photographs from the event, and to discuss with the media any alleged statements that former President Trump made about Senator Mitch McConnell. Deters did both things he was asked not to do, and this was reported in the Louisville Courier-Journal.[1]

38. Mr. Lewandowski informed Deters that Deters' behavior at the Derby event, and his comments to the media that followed it, would likely be seen as being disloyal to former President Trump.

39. A few days after the event, former President Trump endorsed Kentucky Attorney General Daniel Cameron for Kentucky Governor.

---

[1] https://sports.yahoo.com/eric-deters-says-donald-trump-100607241.html (last visited August 15, 2022).

40.  Deters was incensed by this development.  He called Mr. Lewandowski and screamed at him.  Deters became even more incensed when Mr. Lewandowski told Deters that Deters only had himself to blame.

41. By June 1, 2022, Mr. Lewandowski was seriously troubled by Deters' increasingly erratic behavior.  He also had learned that the representations Deters made in February, 2022, at the Mar-A-Lago event were materially false.  Specifically, Mr. Lewandowski learned that Deters was not a Kentucky attorney, that Deters' license had been suspended or revoked in Kentucky for various acts of misconduct, that Deters was not independently wealthy, that Deters did not have more than $5,000,000 in the bank, and that Deters could not self-fund his campaign for Governor.

42. Thus, on June 1, 2022, Mr. Lewandowski, on behalf of Lewandowski Strategic Advisors, LLC, terminated the Agreement with Deters and his Campaign, effective July 1, 2022, in writing, as the Agreement required.

43. By and through the termination date, Mr. Lewandowski and Lewandowski Strategic Advisors, LLC fully performed.

44. Under the Agreement, and as a result of services performed, Deters and his Campaign owed Lewandowski Strategic Advisors, LLC, $17,500 per month in consulting fees for March, April, May, and June, 2022, for a total of $70,000.   However, and without any lawful excuse, Deters only paid $34,600, leaving a $35,400 balance.

45.  Deters and his Campaign also owed Lewandowski Strategic Advisors, LLC reimbursement of approved expenses for the May trip, in the amount of $722.10.

46. In July, 2022, counsel for Lewandowski Strategic Advisors, LLC sent Deters an email demanding payment.  In response, Deters stated, in a July 29, 2022 email:

> Time to shift gears. Not only will I not pay a dime. I will counterclaim. And if I'm
> sued. I'm doing a bulldog show about how bad Corey
> sucked. There is an obvious reason everyone fires him. I'll do all I can to warn
> everyone I can about Corey. You over played your
> cards. I don't give two shits if you sue me. I'll be suing him here in Ky too. Not
> only should he have taken the 18,000 in 30 days. He's
> not getting a nickle [sic].

47. On August 15, 2022, Deters, through Bulldog Media, and on behalf of his Campaign,

published a video via youtube.  In it, he makes a number of false and defamatory

statements about Mr. Lewandowski and Lewandowski Strategic Advisors, LLC:

    a.    Deters falsely claimed that he tried to renegotiate the Agreement, and Mr. Lewandowski "ignored him." (at 1:33 in the video);

    b.    Deters falsely claimed that Mr. Lewandowski and Lewandowski Strategic Advisors, LLC failed to write a fundraising letter attacking Senator McConnell, and thereby breached the Agreement (at 2:40 in the video);

    c.    Deters falsely claimed that Mr. Lewandowski and Lewandowski Strategic Advisors, LLC "lied about the Trump endorsement" and the "timing of it" and falsely claimed that Mr. Lewandowski told Deters that Lewandowski spoke with Trump every day (at 2:54 in the video);

    d.    Deters falsely claimed that Governor Kristi Noem fired Mr. Lewandowski and Lewandowski Strategic Advisors, LLC (3:15 in the video);

    e.    Deters falsely claimed that Charles W. Herbster, a candidate for Nebraska Governor, fired Mr. Lewandowski and Lewandowski Strategic Advisors, LLC (3:18 in the video);

    f.    Deters falsely claimed that Mr. Lewandowski told Deters that the reason that Mr. Lewandowski got hired as Trump's campaign manager was that "no one wanted to do it" (3:37 in the video).

48. The false statements in Paragraph 47 are maliciously and knowingly false statements of

fact by Deters, the campaign, and Bulldog Media.  Specifically, as to Paragraph 47(a),

Deters never attempted to renegotiate the Agreement; as to Paragraph 47(b), Mr.

Lewandowski and Lewandowski Strategic Advisors, LLC never agreed to write any letter

attacking Senator McConnell, and there is no record of Deters or his Campaign asking

them to do so; as to Paragraph 47(c), and as the Agreement reflects, there were never any

promises about the Trump endorsement; as to Paragraph 47(d), Mr. Lewandowski and

Lewandowski Strategic Advisors, LLC never worked for Governor Noem, so it's not possible they were fired by her; as to Paragraph 47(e), Mr. Lewandowski and Lewandowski Strategic Advisors, LLC worked to the end of Mr. Herbster's campaign and were never fired by him; and, as to Paragraph 47(f), Mr. Lewandowski never made this false statement to Deters. Rather, Mr. Lewandowski was hired in 2016, after former President Trump interviewed multiple potential campaign managers and selected Mr. Lewandowski after that process.

49. Deters, the Campaign, and Bulldog have published these false statements of fact with the intent to harm Mr. Lewandowski and Lewandowski Strategic Advisors, LLC, and, as the Agreement reflects, Mr. Lewandowski and Lewandowski Strategic Advisors, LLC have other potential campaigns, and Mr. Deters, the Campaign, and Bulldog have and are seeking to tortiously interfere with Mr. Lewandowski and Lewandowski Strategic Advisors, LLC's business opportunities with other campaigns.

## Additional Allegations Concerning the Trust

50. Upon information and belief, Deters set up the Trust with the purpose and intent of defrauding his creditors and he has transferred, without adequate consideration, certain of his assets to the Trust, with the intent to place them beyond the reach of creditors.

51. Upon information and belief, Deters operates the Trust as his alter-ego, singularly controlling the expenses to pay for anything he chooses to (and withholding funds for his lawful debts). Among other things, Deters observes no meaningful formalities in his control or operation of the Trust, has made himself insolvent to avoid his personal creditors while placing his assets in the Trust, comingles personal and Trust funds, utilizes Trust funds for purposes other than those set forth in the Trust document, fails to

maintain arm's-length relationships between the Trust and himself, and the Trust is a mere façade for Deters himself.

52. Upon information and belief, Deters is a co-trustee who makes the decisions for the Trust, which has no assets except those conveyed to it by Deters.  Deters utilizes the Trust and claims its assets as his own when it benefits him, and then claims it is a separate legal entity when it suits him to avoid claims of creditors.  Deters utilizes the property of the Trust as his own.

53. Mr. Deters has previously written correspondence in which he affirmatively states has no personal assets to pay judgments, has transferred assets to the Trust, and utilizes the Trust to shield himself from his lawful debts.

## COUNT I – BREACH OF CONTRACT

54. Plaintiffs reincorporate the foregoing allegations as if fully written herein.

55. The Agreement constitutes a contract between Deters and his Campaign, on the one hand, and Lewandowsi Strategic Advisors, LLC, on the other.

56. Deters and his Campaign breached the Agreement, by failing to pay what was owed after services were rendered.

57. Deters and his Campaign breached the Agreement, by failing to indemnify Lewandowsi Strategic Advisors, LLC against their "claims, losses, damages, liabilities, penalties, expenses, [and] reasonable legal fees," which "arise out of any act or omission caused by the gross negligence or intentional act" of the indemnifying party [Deters and his Campaign].

58. Deters and his Campaign have caused damages from their breach in the amount of $36,122.10 for the failure to pay as agreed, and in excess of an additional $50,000, and are therefore liable in those amounts.

## COUNT II – DEFAMATION

59. Plaintiffs reincorporate the foregoing allegations as if fully written herein.

60. Deters, on behalf of himself, his Campaign, and Bulldog Media, made the statements in Paragraph 47 about Mr. Lewandowski and Lewandowski Strategic Advisors, LLC.

61. Each of the statements in Paragraph 47 are false, and were made by Deters in knowing or reckless disregard of the truth; in the alternative, they were made negligently.

62. Deters, the Campaign, and Bulldog Media published the false statements.

63. The foregoing false statements have caused damage to the reputation of both Mr. Lewandowski and Lewandowski Strategic Advisors, LLC, in an amount exceeding $75,000.00 to be proven at trial.

64. Deters, the Campaign, and Bulldog Media, acted in a manner that is malicious, oppressive, or fraudulent, warranting the imposition of punitive damages.

## COUNT III – INVASION OF PRIVACY (FALSE LIGHT)

65. Plaintiffs reincorporate the foregoing allegations as if fully written herein.

66. Deters, on behalf of himself, the Campaign, and Bulldog Media, placed Mr. Lewandowski and Lewandowski Strategic Advisors, LLC in a false light by making the statements in Paragraph 47, which would be highly offensive to a reasonable person.

67. Deters, on behalf of himself, the Campaign, and Bulldog Media, had knowledge of, or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other was placed.

68. The foregoing statements have caused damage to the reputation of both Mr. Lewandowski and Lewandowski Strategic Advisors, LLC, in an amount exceeding $75,000.00 to be proven at trial.

69. Deters, the Campaign, and Bulldog Media, acted in a manner that is malicious, oppressive, or fraudulent, warranting the imposition of punitive damages.

## COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

70. Plaintiffs reincorporate the foregoing paragraphs as if fully written herein.

71. Mr. Lewandowski and Lewandowski Strategic Advisors, LLC, have valid business relationships or expectancies with third parties, who Deters, on behalf of himself, the Campaign, and Bulldog Media, each are and have at all times been aware of, including through operation of Paragraph 3 of the Agreement.

72. Deters, on behalf of himself, the Campaign, and Bulldog Media, published the statements in Paragraph 47 to attempt to intentionally interfere with those relationships and expectancies.

73. Deters, on behalf of himself, the Campaign, and Bulldog Media, did so with an improper motive.

74. The foregoing statements have caused damage to both Mr. Lewandowski and Lewandowski Strategic Advisors, LLC, in an amount exceeding $75,000.00 to be proven at trial.

75. Deters, the Campaign, and Bulldog Media, acted in a manner that is malicious, oppressive, or fraudulent, warranting the imposition of punitive damages.

## COUNT V – FRAUD

76. Plaintiffs reincorporate the foregoing paragraphs as if fully written herein.

77. On February 23, 2022, Deters, on behalf of himself and the Campaign, made the following material misrepresentations to the Plaintiffs: (i) that he, Deters, was a well-respected Kentucky attorney; (ii) that he, Deters, was independently wealthy and had more than $5,000,000 in the bank; and (iii) that he, Deters, had sufficient funds to self-fund his campaign for Governor.

78. The foregoing representations in Paragraph 77 are and were false when Deters made them, and Deters knew they were false or was reckless in not knowing they were false.

79. Deters made the representations in Paragraph 77 to induce Mr. Lewandowski and Lewandowski Strategic Advisors, LLC, into entering into a contract with him and his Campaign.

80. Mr. Lewandowski and Lewandowski Strategic Advisors, LLC each relied upon these representations to their detriment.

81. The foregoing fraud by Deters and his Campaign has caused damage to both Mr. Lewandowski and Lewandowski Strategic Advisors, LLC, in an amount exceeding $75,000.00 to be proven at trial.

82. Deters and his Campaign have acted in a manner that is malicious, oppressive, or fraudulent, warranting the imposition of punitive damages.

## COUNT V – FRAUDULENT TRANSFER

83. Plaintiffs reincorporate the foregoing paragraphs as if fully written herein.

84. Upon information and belief, Deters, the Campaign, and/or Bulldog Media are all insolvent, as that term is defined in KRS 378A.020.

85. Upon information and belief, Deters, the Campaign, and/or Bulldog Media made multiple transfers (hereinafter the "Transfers"), within the import and meaning of KRS

378A.010(16), of the assets of Deters, the Campaign, and Bulldog Media, to affiliates, insiders, and relatives, including the Trust, as those terms are defined in KRS 378A.010, from the period of March 1, 2022 to the present.

86. Upon information and belief, these Transfers were made with the actual intent to hinder, delay, or defraud the Plaintiffs, who are creditors of Deters, his Campaign, and Bulldog Media.

87. In the alternative, and upon information and belief, these Transfers were made without receiving a reasonably equivalent value in exchange for the transfer or obligation, and Deters, the Campaign, and Bulldog Media: (i) were engaged or were about to engage in a business or a transaction for which the remaining assets of Deters, the Campaign, and Bulldog Media were unreasonably small in relation to the business or transaction; or (ii) were intending to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as those debts became due.

88. Plaintiffs seek all remedies under KRS 378A.070, including voiding all such Transfers, attachment of the assets of all such transfers, and injunctive relief.

### COUNT VI – PIERCING AND DISSOLUTION OF THE TRUST

89. Plaintiffs reincorporate the preceding paragraphs as if fully written herein.

90. Under Kentucky common law, and the authority of *Inter-Tel Techs., Inc. v. Linn Station Props., LLC*, 360 S.W.3d 152 (Ky. 2012), Plaintiff seeks the piercing of the Trust to satisfy any and all judgments rendered in this matter because, upon information and belief, (i) Deters has exercised dominion over the Trust to the point that it has no real separate existence; (ii) permitting Deters to shield in the Trust what are essentially his assets, and constituting circumstances in which continued recognition of the corporation

as a separate entity would sanction a fraud or promote injustice. Deters has operated the Trust so as to engage in an intentional scheme to squirrel assets into a liability-free entity, while incurring personal liabilities, and he has used the Trust to engage in, and perpetuate a fraud upon, his creditors.

91. Further, pursuant to KRS 348B.4-100(1), the Trust should be revoked and dissolved, in that the "purposes of the trust have become unlawful [or] contrary to public policy."

92. Further, any right, title or interest, that Deters has in the Trust, may and should be reached through operation of KRS 386B.5-010 and/or KRS 386B.5-040.

**WHEREFORE**, Plaintiffs pray:

- For an award of damages against Defendants, in an amount to be proven at trial, in excess of $75,000 in compensatory damages;

- For an award of damages against Defendants of punitive damages;

- For their reasonable attorney fees and costs;

- For relief under the Uniform Fraudulent Transfer Act, including unwinding all fraudulent transfers;

- For veil piercing of the Trust and reaching the Trust's assets to satisfy the judgment herein; for any and all other relief, including relief at equity; and

- Plaintiffs pray for such other relief as this Court may award that is just and proper.

Respectfully submitted,

/s/Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/Thomas Bruns_____
Thomas B. Bruns (KBA 84985)
4555 Lake Forrest Dr., Suite 330
Cincinnati, OH 45242
tbruns@bcvalaw.com
513-312-9890 (c)

/s/Zach Gottesman_____
Zach Gottesman (KBA 86288)
404 East 12 St., First Floor
Cincinnati, OH 45202
zg@zgottesmanlaw.com
*Counsel for Plaintiffs*

16

VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Corey Lewandowski, declare, on behalf of myself and
Lewandowski Strategic Advisors, LLC under penalty of perjury that I have read the foregoing
Verified Complaint, and state that the factual statements therein are true and accurate and any
documents attached are true and accurate copies of what they purport to be.

Executed on _Aug 15, 2022_

Corey Lewandowski