**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY – At Covington**

**Electronically Filed**

| | | |
|---|---|---|
| **COREY R. LEWANDOWKSI, et. al.** | : | Case No. 2:22-cv-00106-DLB-CJS |
| **Plaintiffs** | : | |
| v. | : | |
| **ERIC DETERS, et. al.** | : | |
| **Defendants** | : | |

**DECLARATION OF CHRISTOPHER WIEST**

Pursuant to 28 U.S.C. §1746, the undersigned, Christopher Wiest, makes the following declaration, under penalty of perjury under the laws of the United States of America, that the facts contained herein are true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge:

1. My name is Christopher Wiest, and I am one of the Counsel for Plaintiff in this matter.

2. Attached, as Exhibit 1, is a copy of a letter that Mr. Deters sent myself and others on June 6, 2022.

3. Attached, as Exhibit 2, is a copy of the discovery sent to Defendants, by and through their Counsel, on October 7, 2022.

4. Attached, as Exhibit 3, is a copy of the November 7, 2022, purported response by Mr. Deters to that discovery.

5. Attached, as Exhibit 4, is a copy of emails and letters I have undertaken, to attempt to obtain the requested discovery without the Court's intervention. Those efforts have not been successful.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.

Executed on ___December 13___, 2022.

_____

Christopher Wiest



Independence Office
5247 Madison Pike
Independence, KY 41051
859.363.1900
Fax: 859.363.1444

*Reply To:*

June 6, 2022

Christopher Wiest
25 Town Center Blvd.
Suite 104
Crestview Hills, KY 41017
chris@cwiestlaw.com

Zach Gottesman
404 East 12 Street
First Floor
Cincinnati, OH 45202
zg@zgottesmanlaw.com

Thomas Bruns
4555 Lake Forrest Dr.
Suite 330
Cincinnati, OH 45242
tbruns@bcvalaw.com

**RE:    Kevin Harris**

To The Three Nimrods:

I can't overstate how I enjoy the rules of "professional" responsibility do not apply to me as a retired lawyer.

This is a letter to simply inform you there will be a counterclaim coming.

Kevin Harris is the reason my attempt at 911 failed. You will soon learn the real story.

What he has represented to you is not only a misrepresentation, he left out all of his "misdeeds."

In addition, I'll be representing myself, and I'll begin by requesting Mr. Harris' deposition.

Dominick Romeo and Alan Statman will represent my co-Defendants and co-counsel for me and on my counterclaim. I do this solely so Dom can cover Court and Alan is my co-trial counsel. We don't lose. Read the book that comes out June 14. You can preorder.

Exhibit 1

I will NEVER pay him a dime until a trial verdict and all appeals are exhausted, but I will not lose.

In addition, while this will cost me zero in legal fees, I'm glad you will be wasting your time.

The two Defendant corporations no longer exist.  In addition, ALL of my substantial wealth, and it is substantial, you will hate to know, is in a trust.

So therefore, even if you win and you won't, you will never collect a dime.

You can all go fuck yourselves.

Sincerely,

Eric E. Deters

Copy:  Dominick Romeo
       Alan Statman
       Kevin Harris

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Friday, October 7, 2022 6:12 PM |
| **To:** | 'Alan J. Statman' |
| **Cc:** | 'Tom B. Bruns'; 'zg@zgottesmanlaw.com' |
| **Subject:** | Deters v. Lewandowski, disclosures and discovery |
| **Attachments:** | Lewandowski-26a-disclosures-final.pdf; LewandowskiDiscoveryToDeters-etal.pdf |

Alan:

Our initial disclosures, and discovery to Defendants, is attached.

Sincerely,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)

1

Exhibit 2

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF KENTUCKY – At Covington

### Electronically Filed

| | |
|---|---|
| **COREY R. LEWANDOWKSI, et. al.** | : Case No. 2:22-cv-00106-DLB-CJS |
| **Plaintiffs** | : |
| v. | : |
| **ERIC DETERS, et. al.** | : |
| **Defendants** | : |

## PLAINTIFFS FIRST SET OF INTERROGATORIES, REQUESTS TO ADMIT, AND REQUESTS FOR PRODUCTION, TO DEFENDANTS

Plaintiffs Corey R. Lewandorski and Lewandowski Strategic Advisors, LLC ("Plaintiffs") (hereinafter, the "Plaintiff"), pursuant to C.R. 26, 33, 34, 36 of the Kentucky Rules of Civil Procedure, request that Defendants Eric Deters ("Deters"), Deters for Governor Campaign ("Campaign"), Bulldog Media, Inc. ("Bulldog"), and Eric C Deters Irrevocable Trust ("Trust") within thirty (30) days of the service of this discovery, each (i) answer the following interrogatories in writing and under oath; (ii) produce or make available for inspection and copying at the Law Office of Christopher D. Wiest, 25 Town Center Blvd, Suite 104, Crestview Hills, KY 41017, the following documents, materials, and things, and (iii) serve its answers to the following request to admit (collectively, the "Discovery Requests"). These Discovery Requests shall be deemed continuing as to require supplemental answers if any Defendant obtains further information and/or documentation between the time of service and the time of trial.

## DEFINITIONS

1.      "All" and "each" will be construed as all and each.

2.      "Complaint" refers to the Complaint and lawsuit filed by Plaintiffs in this matter, and, where relevant, the counterclaim filed herein.

3.      "Communication" shall mean any conversation or other oral or written contact, formal or informal, electronic, orally, or in writing, at any time or place, during which information of any nature was transmitted.  "Communication" includes, but is not limited to, meetings, telephone conversations, discussions, memoranda, correspondence, e-mail, and oral requests for information.

4.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.      The terms "Defendant," "you," and "your," means Deters, the Campaign, Bulldog, and/or the Trust, in the broadest construction, as well as their present and former officers, agents, directors, attorneys, accountants, investigators, employees, and all other persons known to be acting on their behalf.  For each discovery request that requests that "you" or "your" produce or answer, each Defendant should and is directed to answer for itself.  The term "Defendants" refers collectively to Deters, the Campaign, Bulldog, and the Trust as well as their present and former officers, agents, directors, attorneys, accountants, investigators, employees, and all other persons known to be acting on their behalf.

6.      As used in these Discovery Requests, the term "writing(s)" or "document(s)" shall mean every document (as defined in FRCP 34) in the possession, custody, or control of you, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following:  correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns, forms, schedules or worksheets; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications;

2

findings; memoranda; brochures, circulars, bulletins, advertisements, sales catalogs or literature; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgments, including the reverse sides of all such documents with printing, typing or writing on the reverse sides; bills of lading and other shipping documents; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, insurance policies and riders, or options; proposals or diaries; desk calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, depositions, transcripts and statements, or summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledges, balance sheets, profit and loss statements, computer print-outs and notes and memoranda concerning them; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; note pads, tabulations, data compilations, calculations, or computations; schedules or drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, graphs, blueprints, sketches, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; print-outs or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; government reports, regulations, filings or orders; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the

3

foregoing which are different because of marginal or handwritten notations, or because of any markings thereon. A draft or non-identical copy is a separate document within the meaning of this term.

7.     The word "Expert" means:

(A)     Anyone who is an expert within the Federal Rules of Evidence;

(B)     Anyone who has acquired through formal or informal education, training or practical experience, special knowledge or skills in some art, science, trade, profession or other human activities, and is thereby competent to deduce correct inferences or conclusions or opinions from real or hypothetically stated facts and give testimony therefrom, which is consistent with said individual's field or area of special knowledge or skill; or

(C)     Anyone whom you plan or intend to use as an expert witness in this action.

8.     "Identify" shall mean to do so with particularity, and shall mean:

(A)     With respect to a person, state the full name, home address, business address, employer, and position or positions within each organization employing such person. If the person's full name is not available, provide the portion of the name known, and any identifying physical characteristic or job responsibilities;

(B)     With respect to a corporation, partnership, or other business or government entity, state the full name and principal business address;

(C)     With respect to an oral communication, state the speaker, each person spoken to or who otherwise heard the communication, the substance of the communication, and the precise date, time, and place of the communication;

4

(D)     With respect to a document, state its title and a description of its subject matter, the identity of the person or persons who prepared it, the identity of the addressor and addressee or recipients of the document, the document's date, and if undated, its date of preparation, and its location and custodian; and

(E)     With respect to an event or occasion, state the date(s) and time(s) at which it occurred, the location at which it occurred, and any witnesses to it or persons present at it.

9.      The term "including" means including without limitation.

10.     The word "or" shall be nonexclusive.

11.     The terms "Person" or "Persons" refer to any natural person, firm, corporation, company, unincorporated association, partnership, or other form of legal entity or government body, including its agents and representatives.

12.     The term "Plaintiff" means Plaintiff Corey R. Lewandowski, Lewandowski Strategic Advisors, LLC, as well as their present and former officers, agents, directors, attorneys, accountants, investigators, employees, and all other persons known to be acting on his behalf.

13.     "Representative" means, with respect to a natural individual, any employee, accountant, broker, financial advisor, agent, or attorney of the Person, including, but not limited to, and Person or entity acting or purporting to act on such Peron's behalf or at the request or instruction of such Person.

14.     "Representative" means, with respect to a corporation, partnership, joint venture company, sole proprietorship, limited liability company, association, or governmental entity, any past or present officer, director, employee, accountant, financial advisor, broker, agent, or attorney, including, but not limited to, a representative acting or purporting to act on such

5

corporation's, partnership's, joint venture company's, sole proprietorship's, limited liability company's, association's, or governmental entity's behalf.

15.     "Relating to" means constituting or evidencing and directly or indirectly addressing, discussing, mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

16.     The singular of any word shall include the plural, and the plural of any word shall include the singular.

17.     "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Request all responses that might otherwise be construed to be outside of its scope.

### INSTRUCTIONS

1.     The following Discovery Requests call for all information, including that contained in any documents or any other tangible thing, that is known or available to you, including all information in the possession of your agents, attorneys, accountants, or other experts, and any investigator or any person acting on your behalf or under your or your attorneys' employment, direction, and/or control.

2.     If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry into and to secure information requested therein, please so state, answering such interrogatory to the extent that you are able, and further specify the facts on which you relied to support your contention that you are unable to answer the interrogatory fully and completely.  State the knowledge, information, or belief you possess concerning the unanswered portion of such interrogatory and fully detail the acts done and the inquiries made which demonstrate that you have exercised due diligence to secure the requested information.

6

3.     If you contend that any information or document may be withheld upon any claim of privilege, pursuant to FRCP 26, identify any such information or document, and with respect to said information or document, state:

(A)     For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(B)     For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

4.     All documents are to be produced that are within your possession or control or within the possession or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys. If a Discovery Request cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

5.     These Discovery Requests are continuing in nature. You must supplement or correct any response to these Discovery Requests if, after these Discovery Requests are answered for the first time, you learn that in some material respect the response provided is incomplete or incorrect. These Discovery Requests include all documents, materials, things, and information

7

known or available to you, or are in your possession, custody, or control of you, your agents, or your attorneys.

6.      Each request for a document or documents to be produced requires production of the document, in its entirety, without abbreviation or expurgation, and without redacting any portion of it.

7.      If you object to any Discovery Request on belief that part, but not all, of the Discovery Request is objectionable, so state, and produce the document, material, or thing to you do not object and identify all documents, materials, and things that exist that are not being produced because of the objection.

8.      To the extent you assert any claim of privilege, you shall set forth in complete and specific detail the exact privilege being claimed, as well as every fact upon which your claim of privilege is based and such facts as will be sufficient for the Court, upon reviewing your response, to make a full and complete determination whether your privilege claim is valid and applicable.  To the extent any privilege is claimed, you shall also produce in response to these Discovery Requests a privilege log that includes: (i) the date of each document, the event, or item claimed to be privileged, (ii) the description of the document, event, or item sufficient that it can be reviewed, and (iii) the identity of every person who had possession of, had access to, or saw the document or item, or who participated in or was present during the event included within the log.  The privilege log must also include the subject matter of each document, event, or item without revealing specific information as to which the privilege is asserted.  In any event, the privilege log must contain specificity such that the Court will be able to make a full and complete determination whether your claim of privilege is valid and acceptable.

9        More than one paragraph of this request may ask for the same document. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request. Where a document responds to more than one numbered paragraph, only one copy of it need be produced.

10.     If any document requested was, but is no longer in your possession or subject to your control or is no longer in existence, state whether it:

     (A)    Is missing or lost;

     (B)    Has been destroyed;

     (C)    Has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred;

     (D)    has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or

     (E)    Identify the documents that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee and the number of pages.

11.     If you do not clearly understand, or have any questions about the definitions, instructions, or any interrogatory, please contact the undersigned counsel promptly for clarification.

12.     You are also directed to supplement all answers, as required under C.R. 26.

### PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANTS

1.     Identify each Person who provided information or was otherwise involved in responding to these interrogatories, requests for admission, and requests for production of documents, and for each person identify the interrogatories, requests

9

for admission, or requests for production of documents for which such Person provided information or documents.

**ANSWER:**


2.      List the names and addresses of each and every person known to you or to your attorney possessed of any information or knowledge which is relevant to the subject matter of this lawsuit, indicating whether or not you intend to call such persons as witnesses at the trial of this case, and stating what their testimony will be.

**ANSWER:**

3.      Please identify each and every witness you intend to call in this proceeding, stating what his or her testimony will be.

**ANSWER:**


4.      Pleas identify all documents which contain information concerning any relationship you had with the Plaintiff.

**ANSWER:**


5.      Please identify each and every expert witness you intend to call in this proceeding, stating the subject matter upon which he/she will testify and further stating what his/her opinion and testimony will be.

**ANSWER:**


10

6.     Please identify and attach all exhibits you intend to introduce in this proceeding.

**ANSWER:**

7.     Please list the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER:**

8.     Please identify all financial assets in your possession.  Please include bank accounts, investments, precious metals, real property, cryptocurrency holdings, trust funds, companies, partnerships, corporations, and all other assets or business associations

**ANSWER:**

9.     Please identify all financial assets possessed by any business associations with which you have any ownership interest, from January 1, 2020 to the present.

**ANSWER:**

10.    Identify the terms of your contract with the Plaintiffs, including the parties thereto, the scope and compensation

**ANSWER:**

11

11.     Identify and provide the details of when, if ever, you communicated any alleged issues with the performance of the Plaintiffs, including whether or not such communication was in writing

**ANSWER:**


12.     Identify each and every transaction you have had with the Plaintiff

**ANSWER:**


13.     Identify each and every communication you have had with Plaintiff.

**ANSWER:**


14.     Identify, with particularity, each alleged breach of the agreement that Deters or the Campaign had with Plaintiff; for each, provide the date, the time, the nature, and provide how each alleged breach was communicated to Plaintiffs and by whom.

**ANSWER:**


15.     Identify all persons from whom you have taken formal or informal statements concerning this case, including, but not limited to written, oral or tape-recorded statements, including the name, address and telephone number of each such person and the date(s) on which the statements were taken.

**ANSWER:**


16.     Please Identify every Person who is a Custodian of any of the Documents that are

12

or might be relevant to the subject matters of this Action or to any claim or defense of any party to this Action.

**ANSWER:**

17. Identify each admission and/or declaration against interest that you allege any plaintiff made in connection with any claims asserted in the Complaint or defenses asserted in your Answer, and for each admission and/or declaration:

   a. Identify the Person to whom the admission and/or declaration was made and all other Persons present;

   b. State whether the admission and/or declaration was oral or in writing, and if oral, please state whether it was recorded, transcribed or summarized by any Person;

   c. State the date and place in which the admission and/or declaration was made;

   d. Set forth the substance of each admission and/or declaration; and

   e. Identify all admissions and/or declarations for production.

**ANSWER:**

18. Identify each and every payment rendered to Corey Lewandowski or Lewandowski Strategic Advisors, LLC, including date, amount, and from whom and to whom it was paid.

**ANSWER:**

13

19.    Will you voluntarily supplement your answers to these interrogatories if additional or different information subsequently becomes available?

**ANSWER:**

### INTERROGATORIES DIRECTED TO ERIC C. DETERS ONLY

20.    Please identify any and all mental illnesses with which you have been formally diagnosed, including narcissistic personality disorder, borderline personality disorder, and all other mental illnesses with which dishonesty is associated.

**ANSWER:**

21.    Have you ever been treated for alcoholism, drug addiction or habituation and/or chemical dependency of any kind? If so, please state the name and address of the person(s) who rendered such treatment; the dates of such treatment; and a brief description of the treatment.

**ANSWER:**

22.    Please identify any and all court proceedings in which a court has suggested or ruled that you have committed act(s) of dishonesty

**ANSWER:**

23.    Please identify any and all court proceedings in which a court has suggested that you show signs of a mental illness associated with dishonesty or compulsive lying

**ANSWER:**

14

24.     Other than the incident at issue, please list all other incidents involving alleged breach of contract, acts of dishonesty, or fraud in which you have been involved.

**ANSWER:**

## VERIFICATION

I, _____, swear that the answers I have given to the above Interrogatories are true.

_____
Name (print)

_____
Name (signature)

Sworn to before me and subscribed in my presence by _____ on this _____ day of _____, 201__.

_____
Notary Public

My commission expires: _____

**REQUESTS FOR ADMISSION**

15

1. Admit that Deters was previously in a contractual relationship with the Plaintiff.

   **RESPONSE:**

2. Admit that on or about March 7, 2022, Plaintiff Lewandowski Strategic Advisors, LLC entered into an agreement (hereinafter "Agreement") with Deters and the Campaign.

   **RESPONSE:**

3. Admit that Deters signed the Agreement which was attached as Exhibit A to Plaintiffs' Complaint.

   **RESPONSE:**

4. Admit that Deters never terminated the Agreement in writing.

   **RESPONSE:**

5. Admit that, on or about February 23, 2022, Deters made the following material representations to Mr. Lewandowski: that he, Deters, was a well-respected Kentucky attorney, was independently wealthy, had more than $5,000,000 in the bank, and had sufficient funds to self-fund his campaign for Governor.

   **RESPONSE:**

6. Admit that, attached to the Agreement was a schedule of deliverables, which was made part of the Agreement in Paragraph 1.

   **RESPONSE:**

7. Admit that this schedule of deliverables provided: "[i]f requested, Corey R. Lewandowski shall hold at least one meeting or a conference call each week with a representative of Client (as designated by Client) to discuss the ongoing status of the services and work performed under this Agreement;" and finally "[f]ull compliance with all federal, state, and local laws regarding these Services."

**RESPONSE:**

8. Admit that under Paragraph 2 of the Agreement, any other tasks outside the aforementioned scope would be "agree[d] on in writing."

**RESPONSE:**

9. Admit that Lewandowski Strategic Advisors, LLC, provided during the term of the Agreement, "Strategic advice and counsel designed to further the goals of Client."

**RESPONSE:**

10. Admit that, during the term of the agreement, and each time he was requested, Corey R. Lewandowski held a call each week to discuss the ongoing status of the services and work performed under this Agreement.

**RESPONSE:**

11. Admit that, Plaintiffs performed under the contract in full compliance with all federal, state, and local laws regarding these Services.

**RESPONSE:**

17

12. Admit that, under Paragraph 4 of the Agreement, the term was through November 30, 2022, unless otherwise terminated.

**RESPONSE:**

13. Admit that, under Paragraph 5 of the Agreement, either party could terminate the agreement with 30 days' notice to the other.

**RESPONSE:**

14. Admit that, under Paragraph 6 of the Agreement, all payments due had to be made on or before the date of termination.

**RESPONSE:**

15. Admit that, under Paragraph 10 of the Agreement, compensation was due in the amount of $17,500 per month, with the first payment for March, 2022, due immediately, and remaining payments of $17,500 per month due on the first business day of each subsequent month.

**RESPONSE:**

16. Admit that, under Paragraph 12 of the Agreement, reimbursement of approved expenses were likewise due at the same time.

**RESPONSE:**

17. Admit that, under Paragraph 18 of the Agreement, Lewandowski Strategic Advisors, LLC acknowledged it was relying on the statements Deters made to it to help make its decisions.

**RESPONSE:**

18

18. Admit that, under Paragraph 21 of the Agreement, all notices under the Agreement had to be in writing.

**RESPONSE:**

19. Admit that, under Paragraph 22 of the Agreement, Deters and his Campaign agreed to indemnify Lewandowski Strategic Advisors, LLC against all "claims, losses, damages, liabilities, penalties, expenses, [and] reasonable legal fees," which "arise out of any act or omission caused by the gross negligence or intentional act" of the indemnifying party.

**RESPONSE:**

20. Admit that, under Paragraph 25 of the Agreement, any modifications of the Agreement had to be made in writing, signed by both parties.

**RESPONSE:**

21. Admit that, under Paragraph 29 of the Agreement, all undertakings and promises under the Agreement were contained within it.

**RESPONSE:**

22. Admit that Deters signed the Agreement on March 7, 2022.

**RESPONSE:**

23. Admit that Deters and his Campaign paid the $17,500 due for March, 2022.

**RESPONSE:**

24. Admit that Deters and his Campaign did not pay when due and owing the fee for services rendered in April, 2022, but promised to make that payment in May, 2022.

**RESPONSE:**

25. Admit that in May, 2022, rather than paying what was owed, Deters paid $17,100 for May, and failed to make the April, 2022 payment that was due and owing.

19

**RESPONSE:**


26. Admit that, at Deters request, Mr. Lewandowski took a trip to Kentucky in May, 2022, stayed with Deters, and gave a multiple-hour presentation to Deters' supporters about a plan to win the race for Governor and in advance of that trip, Deters agreed to reimburse Mr. Lewandowski's travel expenses.

**RESPONSE:**


27. Admit that, on June 1, 2022, Mr. Lewandowski, on behalf of Lewandowski Strategic Advisors, LLC, terminated the Agreement with Deters and his Campaign, effective July 1, 2022, in writing, as the Agreement required.

**RESPONSE:**


28. Admit that, by and through the termination date, Mr. Lewandowski and Lewandowski Strategic Advisors, LLC fully performed.

**RESPONSE:**


29. Admit that, under the Agreement, and as a result of services performed, Deters and his Campaign owed Lewandowski Strategic Advisors, LLC, $17,500 per month in consulting fees for March, April, May, and June, 2022, for a total of $70,000, but, without any lawful excuse, Deters only paid $34,600, leaving a $35,400 balance.

**RESPONSE:**


20

30. Admit that Deters and his Campaign also owed Lewandowski Strategic Advisors, LLC

reimbursement of approved expenses for the May trip, in the amount of $722.10.

**RESPONSE:**

31. Admit that the Trust is the Alter Ego of Eric Deters

**RESPONSE:**

32. Admit that on or about February 23, 2022, Deters was not a licensed attorney.

**RESPONSE:**

33. Admit that, on February 23, 2022, Deters was not well-respected.

**RESPONSE:**

34. Admit that, on February 23, 2022, Deters did not have more than $5,000,000 in the bank.

**RESPONSE:**

35. Admit that your fraud caused the Plaintiff damages in the amount of at least $50,000.

**RESPONSE:**

36. Admit that on August 15, 2022, Deters, through Bulldog Media, and on behalf of his

Campaign, published a video via youtube.

**RESPONSE:**

21

37. Admit that, in the August 15, 2022 video, Deters made that statement that he tried to renegotiate the Agreement, and Mr. Lewandowski "ignored him." (at 1:33 in the video).

**RESPONSE:**

38. Admit that, in the August 15, 2022 video, Deters made that statement that Mr. Lewandowski and Lewandowski Strategic Advisors, LLC failed to write a fundraising letter attacking Senator McConnell, and thereby breached the Agreement (at 2:40 in the video).

**RESPONSE:**

39. Admit that, in the August 15, 2022 video, Deters made that statement that Mr. Lewandowski and Lewandowski Strategic Advisors, LLC "lied about the Trump endorsement" and the "timing of it" and falsely claimed that Mr. Lewandowski told Deters that Lewandowski spoke with Trump every day (at 2:54 in the video).

**RESPONSE:**

40. Admit that, in the August 15, 2022 video, Deters made that statement that Governor Kristi Noem fired Mr. Lewandowski and Lewandowski Strategic Advisors, LLC (3:15 in the video).

**RESPONSE:**

22

41. Admit that, in the August 15, 2022 video, Deters made that statement that Charles W. Herbster, a candidate for Nebraska Governor, fired Mr. Lewandowski and Lewandowski Strategic Advisors, LLC (3:18 in the video).

**RESPONSE:**

42. Admit that, in the August 15, 2022 video, Deters made that statement that Mr. Lewandowski told Deters that the reason that Mr. Lewandowski got hired as Trump's campaign manager was that "no one wanted to do it"

**RESPONSE:**

43. Admit that Eric Deters is a Trustee of the Trust, with the authority to enter into transactions on behalf of the Trust.

**RESPONSE:**

44. Admit that the Trust exists to shield Eric Deters from his liabilities to his lawful debts

**RESPONSE:**

45. Admit that the Trust exists to aid Eric Deters in defrauding individuals

**RESPONSE:**

46. Admit that the Trust received transfers, without equivalent value, from Eric C. Deters or his campaign, in excess of $362,000, after April 1, 2022.

**RESPONSE:**

23

47. Admit that in *Ky. Bar Ass'n v. Deters*, 360 S.W.3d 224 (Ky. 2012) the Kentucky Supreme Court determined Eric Deters made knowingly false statements and allegations about a judge, and knowingly false statements about or regarding a client to try to claim a piece of a legal fee Eric Deters was not entitled to, and Eric Deters failed to refund a retainer when due.

**RESPONSE:**

48. Admit that in *Kentucky Bar Association v. Deters*, 406 S.W.3d 812 (Ky. 2013), it was determined that Eric Deters knowingly made false allegations in a Complaint he filed.

**RESPONSE:**

49. Admit that in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021), it was determined Eric Deters made "false, deceptive or misleading communication[s]."

**RESPONSE:**

50. Admit that in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021), it was determined Eric Deters made "false, deceptive or misleading communication[s]."

**RESPONSE:**

51. Admit that in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021), it was determined Eric Deters made "obviously untruthful" answers in your reinstatement materials.

**RESPONSE:**

52. Admit that the Court recounted that Eric Deters had his malpractice insurance cancelled due to lies and misrepresentations in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021).

**RESPONSE:**

53. Admit that in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021) the Court recounted that Eric Deters had been sent to jail for violations of court orders.

**RESPONSE:**

54. Admit that in the Northern Kentucky legal community, Eric Deters has a reputation for dishonesty.

**RESPONSE:**

55. Admit that Eric Deters has lied on more than one occasion in order to gain a business advantage.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

1. Please produce any and all written, audio, video and/or electronic recordings of conduct, communications and/or conversations between plaintiffs and defendants relating to this lawsuit.

   **RESPONSE:**

2. Please produce your entire file (including, without limitation, any engagement agreement, terms of engagement, pay stubs, communications and the like) regarding your relationship with the Plaintiffs, with including any electronic mail, notes, jottings, or other matters related to the contract.

   **RESPONSE:**

25

3.      Please produce each and every communication, correspondence, or other tangible

thing, that reflects or relates to your relationship with the Plaintiffs, including but

not limited to text messages, emails, signal messages, telegram messages, Slack

channels, GroupMe messages, and the like

**RESPONSE:**

4.      Please produce each and every communication, correspondence, or other tangible

thing, that reflects or relates to your investigation of the Plaintiffs' claims against

you.

**RESPONSE:**

5.      Please produce a copy of all financial records of yourself.  Please include bank

statements for all bank accounts, stock portfolios, cryptocurrency wallets, and the

like.

**RESPONSE:**

6.      Please produce a copy of any exhibits you intend to introduce relating to your

defense, affirmative defense(s) and counterclaim(s).

**RESPONSE:**

26

7.      Please produce a copy of all financial assets in your possession.  Please include bank accounts, stock portfolios, cryptocurrency holdings, precious metals

**RESPONSE:**

8.      Please produce a copy of all mental health records regarding yourself in your possession.

**RESPONSE:**

9.      Please produce a copy of all judgments or court orders rendered against you.

**RESPONSE:**

10.     Please produce a copy of all Documents that relate to any allegations of non-performance or breach of contract with Mr. Lewandowksi or Lewandowski Strategic Advisors, LLC, including documentation reflecting any such non-performance or breach, or any notices related to same.

**RESPONSE:**

11.     Please produce a copy of all Documents that support the contention that Deters tried to renegotiate the Agreement, and Mr. Lewandowski "ignored him."

**RESPONSE:**

27

12.     Please produce a copy of all Documents that support the contention that Mr. Lewandowski and Lewandowski Strategic Advisors, LLC failed to write a fundraising letter attacking Senator McConnell.

**RESPONSE:**

13.     Please produce a copy of all Documents that support the contention that Mr. Lewandowski or Lewandowski Strategic Advisors, LLC were required to write a fundraising letter attacking Senator McConnell.

**RESPONSE:**

14.     Please produce a copy of all Documents that support the contention that Mr. Lewandowski and/or Lewandowski Strategic Advisors, LLC "lied about the Trump endorsement" and the "timing of it."

**RESPONSE:**

15.     Please produce a copy of all Documents that support the contention that Mr. Lewandowski told Deters that Lewandowski spoke with Trump every day.

**RESPONSE:**

16.     Please produce a copy of all Documents that support the contention that Governor Kristi Noem fired Mr. Lewandowski and Lewandowski Strategic Advisors, LLC.

**RESPONSE:**

28

17.   Please produce a copy of all Documents that support the contention that Charles W. Herbster, a candidate for Nebraska Governor, fired Mr. Lewandowski and Lewandowski Strategic Advisors, LLC.

**RESPONSE:**

18.   Please produce a copy of all of your bank statements for the past 5 years.

**RESPONSE:**

19.   Please produce a copy of all communications regarding all matters relating to the Plaintiff, this case, and all parties involved in this case.

**RESPONSE:**

20.   Please produce the Trust formation document, and any amendments thereto.

**RESPONSE:**

21.   Please produce any documents reflecting assets held by the Trust on or after February 1, 2022, or any transfers of any assets into the Trust, from the Trust, or any documents reflecting any encumbrances of Trust assets created on or after February 1, 2022.

**RESPONSE:**

29

22.     Please produce a copy of all documents related to the formation, or continuation

of the Defendant, Eric C. Deters Irrevocable Trust, including the Trust formation

agreement, amendments thereto, and any transfers to or from the Eric C. Deters

Irrevocable Trust for the period of January 1, 2022 to the present.

**RESPONSE:**

23.     Please produce a copy of all of your bank statements for the past 2 years.

**RESPONSE:**

24.     Please produce a copy of all financial transactions over $500 you have made for

the past 2 years.

**RESPONSE:**

25.     Please produce a privilege log for any requests you refused to comply with due to

a privilege objection.

**RESPONSE:**

Respectfully submitted,

*/s/Christopher Wiest*

Christopher Wiest (KBA #90725)
Chris Wiest, AAL, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850
859/495-0803 (f)
chris@cwiestlaw.com

30

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 7 day

of October, 2022 via electronic and ordinary U.S. mail.

*/s/Christopher Wiest*
Christopher Wiest (KBA #90725)

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | Loretta Little <llittle@ericdeters.com> |
| **Sent:** | Monday, November 7, 2022 3:56 PM |
| **To:** | chris@cwiestlaw.com |
| **Cc:** | Eric Deters |
| **Subject:** | Lewandowski v ECD |
| **Attachments:** | Defendants Answers to Discovery Requests.pdf |

Attached please find Defendants Answers to Plaintiffs First Set of Interrogatories, Requests to Admit, And Requests for Production.

Loretta Little
Deters Law
5247 Madison Pike
Independence, KY 41051
llittle@ericdeters.com
(859) 363-1900 – Phone
(859) 363-1444 - Fax

Exhibit 3

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF KENTUCKY – At Covington

### Electronically Filed

| | |
|---|---|
| **COREY R. LEWANDOWKSI, et. al.** | : Case No. 2:22-cv-00106-DLB-CJS |
| **Plaintiffs** | : |
| v. | : |
| **ERIC DETERS, et. al.** | : |
| **Defendants** | : |

## <u>DEFENDANTS ANSWERS TO PLAINTIFFS FIRST SET OF INTERROGATORIES, REQUESTS TO ADMIT, AND REQUESTS FOR PRODUCTION, TO DEFENDANTS</u>

1.  Identify each Person who provided information or was otherwise involved in responding to these interrogatories, requests for admission, and requests for production of documents, and for each person identify the interrogatories, requests

for admission, or requests for production of documents for which such Person provided information or documents.

**ANSWER:    Eric C. Deters**

2. List the names and addresses of each and every person known to you or to your attorney possessed of any information or knowledge which is relevant to the subject matter of this lawsuit, indicating whether or not you intend to call such persons as witnesses at the trial of this case, and stating what their testimony will be.

**ANSWER:    Eric C. Deters**

3. Please identify each and every witness you intend to call in this proceeding, stating what his or her testimony will be.

**ANSWER:    Eric C. Deters**

**Corey Lewandowski**

4. Pleas identify all documents which contain information concerning any relationship you had with the Plaintiff.

**ANSWER:    Plaintiff is in possession of the documents.**

5. Please identify each and every expert witness you intend to call in this proceeding, stating the subject matter upon which he/she will testify and further stating what his/her opinion and testimony will be.

**ANSWER:    None**

6.      Please identify and attach all exhibits you intend to introduce in this proceeding.

**ANSWER:    The contract.  Will supplement.**

7.      Please list the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER:    No one.**

8.      Please identify all financial assets in your possession. Please include bank accounts, investments, precious metals, real property, cryptocurrency holdings, trust funds, companies, partnerships, corporations, and all other assets or business associations

**ANSWER:    Objection.  Not relevant.**

Eric C. Deters

9.      Please identify all financial assets possessed by any business associations with which you have any ownership interest, from January 1, 2020 to the present.

**ANSWER:        Objection.  Not relevant.**

Eric C. Deters

10.     Identify the terms of your contract with the Plaintiffs, including the parties thereto, the scope and compensation

**ANSWER:    Contract speaks for itself.**

11.    Identify and provide the details of when, if ever, you communicated any alleged issues with the performance of the Plaintiffs, including whether or not such communication was in writing

**ANSWER:    Will supplement.**

12.    Identify each and every transaction you have had with the Plaintiff

**ANSWER:    Doesn't make sense.**

13.    Identify each and every communication you have had with Plaintiff.

**ANSWER:    These are in Plaintiff's possession.**

14.    Identify, with particularity, each alleged breach of the agreement that Deters or the Campaign had with Plaintiff; for each, provide the date, the time, the nature, and provide how each alleged breach was communicated to Plaintiffs and by whom.

**ANSWER:    Failure to assist in fundraising.  Lying about Trump relationship. Giving terrible advice.  Will supplement.**

15.    Identify all persons from whom you have taken formal or informal statements concerning this case, including, but not limited to written, oral or tape-recorded statements, including the name, address and telephone number of each such person and the date(s) on which the statements were taken.

**ANSWER:    Not applicable.**

16. Please Identify every Person who is a Custodian of any of the Documents that are or might be relevant to the subject matters of this Action or to any claim or defense of any party to this Action.

**ANSWER:    Not applicable.**

17. Identify each admission and/or declaration against interest that you allege any plaintiff made in connection with any claims asserted in the Complaint or defenses asserted in your Answer, and for each admission and/or declaration:

a. Identify the Person to whom the admission and/or declaration was made and all other Persons present;

b. State whether the admission and/or declaration was oral or in writing, and if oral, please state whether it was recorded, transcribed or summarized by any Person;

c. State the date and place in which the admission and/or declaration was made;

d. Set forth the substance of each admission and/or declaration; and

e. Identify all admissions and/or declarations for

production.

**ANSWER:    Will have to supplement.**

18. Identify each and every payment rendered to Corey Lewandowski or Lewandowski Strategic Advisors, LLC, including date, amount, and from whom and to whom it was paid.

**ANSWER:    Plaintiff already knows this.**

19.    Will you voluntarily supplement your answers to these interrogatories if additional or different information subsequently becomes available?

**ANSWER:    Yes**

**INTERROGATORIES DIRECTED TO ERIC C. DETERS ONLY**

20.    Please identify any and all mental illnesses with which you have been formally diagnosed, including narcissistic personality disorder, borderline personality disorder, and all other mental illnesses with which dishonesty is associated.

**ANSWER:    None.**

21.    Have you ever been treated for alcoholism, drug addiction or habituation and/or chemical dependency of any kind? If so, please state the name and address of the person(s) who rendered such treatment; the dates of such treatment; and a brief description of the treatment.

**ANSWER:    Never**

22.    Please identify any and all court proceedings in which a court has suggested or ruled that you have committed act(s) of dishonesty

**ANSWER:    I don't care what a court has stated.  I have not been dishonest in any legal proceedings.**

23.    Please identify any and all court proceedings in which a court has suggested that you show signs of a mental illness associated with dishonesty or compulsive lying

**ANSWER:        None**

24.        Other than the incident at issue, please list all other incidents involving alleged breach of contract, acts of dishonesty, or fraud in which you have been involved.

**ANSWER:    None**

## VERIFICATION

I, _____*Eric C. Deters*_____ swear that the answers I have given to the above Interrogatories are true.

Name (print)

_____*Eric C. Det*_____

Name (signature)

_____

Sworn to before me and subscribed in my presence by _____ on this

___ day of _*November*_, 2022.

My commission expires: _*12-5-23*_

Notary Public

_*Loretta Little*_

LORETTA LITTLE
Notary Public-State at Large
KENTUCKY - Notary ID # 635972
My Commission Expires 12-05-2023

## REQUESTS FOR ADMISSION

1. Admit that Deters was previously in a contractual relationship with the Plaintiff.

   **RESPONSE:   Admit**

2. Admit that on or about March 7, 2022, Plaintiff Lewandowski Strategic Advisors, LLC entered into an agreement (hereinafter "Agreement") with Deters and the Campaign.

   **RESPONSE:   Admit**

3. Admit that Deters signed the Agreement which was attached as Exhibit A to Plaintiffs' Complaint.

   **RESPONSE:   Admit**

4. Admit that Deters never terminated the Agreement in writing.

   **RESPONSE:   Deny**

5. Admit that, on or about February 23, 2022, Deters made the following material representations to Mr. Lewandowski: that he, Deters, was a well-respected Kentucky attorney, was independently wealthy, had more than $5,000,000 in the bank, and had sufficient funds to self-fund his campaign for Governor.

   **RESPONSE:   Deny**

6. Admit that, attached to the Agreement was a schedule of deliverables, which was made part of the Agreement in Paragraph 1.

   **RESPONSE:   Deny**

7. Admit that this schedule of deliverables provided: "[i]f requested, Corey R. Lewandowski shall hold at least one meeting or a conference call each week with a representative of Client (as designated by Client) to discuss the ongoing status of the services and work performed under this Agreement;" and finally "[f]ull compliance with all federal, state, and local laws regarding these Services."

**RESPONSE:**      **Deny**

8. Admit that under Paragraph 2 of the Agreement, any other tasks outside the aforementioned scope would be "agree[d] on in writing."

**RESPONSE:**      **Deny**

9. Admit that Lewandowski Strategic Advisors, LLC, provided during the term of the Agreement, "Strategic advice and counsel designed to further the goals of Client."

**RESPONSE:**      **Deny**

10. Admit that, during the term of the agreement, and each time he was requested, Corey R. Lewandowski held a call each week to discuss the ongoing status of the services and work performed under this Agreement.

**RESPONSE:**      **Deny**

11. Admit that, Plaintiffs performed under the contract in full compliance with all federal, state, and local laws regarding these Services.

**RESPONSE:**      **Deny**

12. Admit that, under Paragraph 4 of the Agreement, the term was through November 30, 2022, unless otherwise terminated.

**RESPONSE:**    **Admit**

13. Admit that, under Paragraph 5 of the Agreement, either party could terminate the agreement with 30 days' notice to the other.

**RESPONSE:**    **Admit**

14. Admit that, under Paragraph 6 of the Agreement, all payments due had to be made on or before the date of termination.

**RESPONSE:**    **Deny**

15. Admit that, under Paragraph 10 of the Agreement, compensation was due in the amount of $17,500 per month, with the first payment for March, 2022, due immediately, and remaining payments of $17,500 per month due on the first business day of each subsequent month.

**RESPONSE:**    **Deny**

16. Admit that, under Paragraph 12 of the Agreement, reimbursement of approved expenses were likewise due at the same time.

**RESPONSE:**    **Deny**

17. Admit that, under Paragraph 18 of the Agreement, Lewandowski Strategic Advisors, LLC acknowledged it was relying on the statements Deters made to it to help make its decisions.

**RESPONSE:**    **Deny**

18. Admit that, under Paragraph 21 of the Agreement, all notices under the Agreement had to be in writing.

**RESPONSE:** **Deny**

19. Admit that, under Paragraph 22 of the Agreement, Deters and his Campaign agreed to indemnify Lewandowski Strategic Advisors, LLC against all "claims, losses, damages, liabilities, penalties, expenses, [and] reasonable legal fees," which "arise out of any act or omission caused by the gross negligence or intentional act" of the indemnifying party.

**RESPONSE:** **Deny**

20. Admit that, under Paragraph 25 of the Agreement, any modifications of the Agreement had to be made in writing, signed by both parties.

**RESPONSE:** **Admit**

21. Admit that, under Paragraph 29 of the Agreement, all undertakings and promises under the Agreement were contained within it.

**RESPONSE:** **Deny**

22. Admit that Deters signed the Agreement on March 7, 2022.

**RESPONSE:** **Admit**

23. Admit that Deters and his Campaign paid the $17,500 due for March, 2022. **RESPONSE:** **Deny**

24. Admit that Deters and his Campaign did not pay when due and owing the fee for services rendered in April, 2022, but promised to make that payment in May, 2022.

**RESPONSE:** **Deny**

25. Admit that in May, 2022, rather than paying what was owed, Deters paid $17,100 for May, and failed to make the April, 2022 payment that was due and owing.

**RESPONSE:**      **Deny**

26. Admit that, at Deters request, Mr. Lewandowski took a trip to Kentucky in May, 2022, stayed with Deters, and gave a multiple-hour presentation to Deters' supporters about a plan to win the race for Governor and in advance of that trip, Deters agreed to reimburse Mr. Lewandowski's travel expenses.

**RESPONSE:**      **Deny**

27. Admit that, on June 1, 2022, Mr. Lewandowski, on behalf of Lewandowski Strategic Advisors, LLC, terminated the Agreement with Deters and his Campaign, effective July 1, 2022, in writing, as the Agreement required.

**RESPONSE:**      **Admit**

28. Admit that, by and through the termination date, Mr. Lewandowski and Lewandowski Strategic Advisors, LLC fully performed.

**RESPONSE:**      **Deny**

29. Admit that, under the Agreement, and as a result of services performed, Deters and his Campaign owed Lewandowski Strategic Advisors, LLC, $17,500 per month in consulting fees for March, April, May, and June, 2022, for a total of $70,000, but, without any lawful excuse, Deters only paid $34,600, leaving a $35,400 balance.

**RESPONSE:**      **Deny**

30. Admit that Deters and his Campaign also owed Lewandowski Strategic Advisors, LLC reimbursement of approved expenses for the May trip, in the amount of $722.10.

**RESPONSE:**      **Deny**

31. Admit that the Trust is the Alter Ego of Eric Deters

**RESPONSE:**      **Deny**

32. Admit that on or about February 23, 2022, Deters was not a licensed attorney.

**RESPONSE: Admit**

33. Admit that, on February 23, 2022, Deters was not well-respected.

**RESPONSE:**      **Deny**

34. Admit that, on February 23, 2022, Deters did not have more than $5,000,000 in the bank.

**RESPONSE:**      **Deny**

35. Admit that your fraud caused the Plaintiff damages in the amount of at least $50,000.

**RESPONSE:**      **Deny**

36. Admit that on August 15, 2022, Deters, through Bulldog Media, and on behalf of his

Campaign, published a video via youtube.

**RESPONSE: Admit**

37.    Admit that, in the August 15, 2022 video, Deters made that statement that he

tried to renegotiate the Agreement, and Mr. Lewandowski "ignored him." (at 1:33 in the

video).

**RESPONSE: Deny**

38. Admit that, in the August 15, 2022 video, Deters made that statement that Mr.

Lewandowski and Lewandowski Strategic Advisors, LLC failed to write a fundraising

letter attacking Senator McConnell, and thereby breached the Agreement (at 2:40 in

the video).

**RESPONSE:    Admit**

39. Admit that, in the August 15, 2022 video, Deters made that statement that Mr.

Lewandowski and Lewandowski Strategic Advisors, LLC "lied about the Trump

endorsement" and the "timing of it" and falsely claimed that Mr. Lewandowski told

Deters that Lewandowski spoke with Trump every day (at 2:54 in the video).

**RESPONSE:    Deny**

40. Admit that, in the August 15, 2022 video, Deters made that statement that Governor Kristi Noem fired Mr. Lewandowski and Lewandowski Strategic Advisors, LLC (3:15 in the video).

**RESPONSE:** **Deny**

41. Admit that, in the August 15, 2022 video, Deters made that statement that Charles W. Herbster, a candidate for Nebraska Governor, fired Mr. Lewandowski and Lewandowski Strategic Advisors, LLC (3:18 in the video).

**RESPONSE:** **Deny**

42. Admit that, in the August 15, 2022 video, Deters made that statement that Mr. Lewandowski told Deters that the reason that Mr. Lewandowski got hired as Trump's campaign manager was that "no one wanted to do it"

**RESPONSE:** **Admit**

43. Admit that Eric Deters is a Trustee of the Trust, with the authority to enter into transactions on behalf of the Trust.

**RESPONSE:** **Admit**

44. Admit that the Trust exists to shield Eric Deters from his liabilities to his lawful debts

**RESPONSE:** **Deny**

45. Admit that the Trust exists to aid Eric Deters in defrauding individuals

**RESPONSE:**      **Deny**

46. Admit that the Trust received transfers, without equivalent value, from Eric C. Deters or

his campaign, in excess of $362,000, after April 1, 2022.


**RESPONSE:**      **Deny**


47.      Admit that in *Ky. Bar Ass'n v. Deters*, 360 S.W.3d 224 (Ky. 2012) the Kentucky Supreme Court determined Eric Deters made knowingly false statements and allegations about a judge, and knowingly false statements about or regarding a client to try to claim a piece of a legal fee Eric Deters was not entitled to, and Eric Deters failed to refund a retainer when due.

**RESPONSE:**      **Deny**

48. Admit that in *Kentucky Bar Association v. Deters*, 406 S.W.3d 812 (Ky. 2013), it was

determined that Eric Deters knowingly made false allegations in a Complaint he filed.

**RESPONSE:**      **Deny**

49. Admit that in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021), it was determined

Eric Deters made "false, deceptive or misleading communication[s]."

**RESPONSE:**      **Deny**

50. Admit that in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021), it was determined

Eric Deters made "false, deceptive or misleading communication[s]."

**RESPONSE:**      **Deny**

51. Admit that in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021), it was determined

Eric Deters made "obviously untruthful" answers in your reinstatement materials.

**RESPONSE:**      **Deny**

52. Admit that the Court recounted that Eric Deters had his malpractice insurance cancelled due to lies and misrepresentations in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021).

**RESPONSE:**      **Deny**

53. Admit that in *Deters v. Ky. Bar Ass'n*, 627 S.W.3d 917 (Ky. 2021) the Court recounted that Eric Deters had been sent to jail for violations of court orders.

**RESPONSE:**      **Deny**

54. Admit that in the Northern Kentucky legal community, Eric Deters has a reputation for dishonesty.

**RESPONSE:**      **Deny**

55. Admit that Eric Deters has lied on more than one occasion in order to gain a business advantage.

**RESPONSE:**      **Deny**

## REQUESTS FOR PRODUCTION

1.      Please produce any and all written, audio, video and/or electronic recordings of conduct, communications and/or conversations between plaintiffs and defendants relating to this lawsuit.

**RESPONSE:**   **N/A**

2.     Please produce your entire file (including, without limitation, any engagement agreement, terms of engagement, pay stubs, communications and the like) regarding your relationship with the Plaintiffs, with including any electronic mail, notes, jottings, or other matters related to the contract.

**RESPONSE:     There is nothing I have that the Plaintiff doesn't have.**

3.     Please produce each and every communication, correspondence, or other tangible thing, that reflects or relates to your relationship with the Plaintiffs, including but not limited to text messages, emails, signal messages, telegram messages, Slack channels, GroupMe messages, and the like

**RESPONSE: There is nothing I have Plaintiff doesn't have.**

4.     Please produce each and every communication, correspondence, or other tangible thing, that reflects or relates to your investigation of the Plaintiffs' claims against you.

**RESPONSE: N/A**

5.    Please produce a copy of all financial records of yourself. Please include bank statements for all bank accounts, stock portfolios, cryptocurrency wallets, and the like. **RESPONSE: Objection. Not relevant.**

Eric C. Deters

6.    Please produce a copy of any exhibits you intend to introduce relating to your defense, affirmative defense(s) and counterclaim(s).

**RESPONSE:    The contract is all.**

7.    Please produce a copy of all financial assets in your possession. Please include bank accounts, stock portfolios, cryptocurrency holdings, precious metals

**RESPONSE:    Objection.  Not relevant.**

Eric C. Deters

8.      Please produce a copy of all mental health records regarding yourself in your

possession.

**RESPONSE:  Objection.  Not relevant.  Notwithstanding this, I have no mental**

**health records.**

Eric C. Deters

9.      Please produce a copy of all judgments or court orders rendered against you.

**RESPONSE:      If there are any, they are public record.**

10.     Please produce a copy of all Documents that relate to any allegations of non-

performance or breach of contract with Mr. Lewandowksi or Lewandowski

Strategic Advisors, LLC, including documentation reflecting any such non-

performance or breach, or any notices related to same.

**RESPONSE:      I'll supplement this answer.**

11.     Please produce a copy of all Documents that support the contention that Deters

tried to renegotiate the Agreement, and Mr. Lewandowski "ignored him."

**RESPONSE:      I'll supplement this answer.**

12.    Please produce a copy of all Documents that support the contention that Mr. Lewandowski and Lewandowski Strategic Advisors, LLC failed to write a fundraising letter attacking Senator McConnell.

**RESPONSE: I'll supplement this answer.**

13.    Please produce a copy of all Documents that support the contention that Mr. Lewandowski or Lewandowski Strategic Advisors, LLC were required to write a fundraising letter attacking Senator McConnell.

**RESPONSE: I'll supplement this answer.**

14.    Please produce a copy of all Documents that support the contention that Mr. Lewandowski and/or Lewandowski Strategic Advisors, LLC "lied about the Trump endorsement" and the "timing of it."

**RESPONSE:    I'll supplement this answer.**

15.    Please produce a copy of all Documents that support the contention that Mr. Lewandowski told Deters that Lewandowski spoke with Trump every day.

**RESPONSE:    I'll supplement this answer.**

16.    Please produce a copy of all Documents that support the contention that Governor Kristi Noem fired Mr. Lewandowski and Lewandowski Strategic Advisors, LLC.

**RESPONSE:    I'll supplement this answer.**

17. Please produce a copy of all Documents that support the contention that

Charles W. Herbster, a candidate for Nebraska Governor, fired Mr.

Lewandowski and Lewandowski Strategic Advisors, LLC.

**RESPONSE:** **I'll supplement this answer.**

18. Please produce a copy of all of your bank statements for the past 5 years.

**RESPONSE:** **Objection. Not relevant.**

Eric C. Deters

19. Please produce a copy of all communications regarding all matters relating to the

Plaintiff, this case, and all parties involved in this case.

**RESPONSE:** **Any communication I have had with Plaintiff, he has a copy too.**

20. Please produce the Trust formation document, and any amendments thereto.

**RESPONSE:** **Objection. Not relevant.**

Eric C. Deters

21. Please produce any documents reflecting assets held by the Trust on or after February 1, 2022, or any transfers of any assets into the Trust, from the Trust, or any documents reflecting any encumbrances of Trust assets created on or after February 1, 2022.

**RESPONSE:   Objection.  Not relevant.**

_____
**Eric C. Deters**

22. Please produce a copy of all documents related to the formation, or continuation of the Defendant, Eric C. Deters Irrevocable Trust, including the Trust formation agreement, amendments thereto, and any transfers to or from the Eric C. Deters Irrevocable Trust for the period of January 1, 2022 to the present.

**RESPONSE:        Objection.  Not relevant.**

_____
**Eric C. Deters**

23.　　Please produce a copy of all of your bank statements for the past 2

years. **RESPONSE:　Objection.　Not relevant.**

Eric C. Deters

24.　　Please produce a copy of all financial transactions over $500 you have made for

the past 2 years.

**RESPONSE:　　Objection.　Not relevant.**

Eric C. Deters

25.　　Please produce a privilege log for any requests you refused to comply with due to

a privilege objection.

**RESPONSE:　　Not relevant.**

Respectfully submitted,

Eric C. Deters, Pro Se
5247 Madison Pike
Independence, KY 41051
(859) 250-2527
eric@ericdeters.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 7 day

of November, 2022 via electronic and ordinary U.S. mail.


Christopher Wiest
Chris Wiest, AAL, PLLC
25 Town Center Blvd, Suite 104 Crestview Hills, KY 41017 859/486-6850
859/495-0803 (f)
chris@cwiestlaw.com


Eric C. Deters

## chris@cwiestlaw.com

| **From:** | chris@cwiestlaw.com |
|---|---|
| **Sent:** | Tuesday, November 8, 2022 12:29 PM |
| **To:** | 'Alan J. Statman' |
| **Cc:** | 'Tom B. Bruns'; 'Zachary Gottesman' |
| **Subject:** | Lewandowsi v. Deters |
| **Attachments:** | LetterStatman-11-8-22.pdf |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'Alan J. Statman' | |
| | 'Tom B. Bruns' | |
| | 'Zachary Gottesman' | |
| | Alan J. Statman | Read: 11/8/2022 12:40 PM |
| | Thomas B. Bruns | Read: 11/8/2022 9:02 PM |

Mr. Statman:

Please see the correspondence, attached.  Tom, Zach, and I are happy to discuss with you, if you would like to discuss by telephone.

Sincerely,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)

1

Exhibit 4

# Chris Wiest, Attorney at Law, PLLC

25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
(513)257-1895 (cellular)
chris@cwiestlaw.com
*admitted in Kentucky and Ohio

November 8, 2022

Alan Statman
Statman Harris & Eyrich LLC
35 E 7th St, Unit 315
Cincinnati, OH 45202
By Email Only: ajstatman@statmanharris.com

Re: *Lewandowski, et. al. v. Deters*
*EDKY 2:22-cv-00106*

Mr. Statman:

We are in receipt of discovery responses by Mr. Deters, *pro se*, dated November 7, 2022. We have not received discovery responses from the corporate entities (Deters for Governor Campaign; Bulldog Media,Inc.; Eric C Deters Irrevocable Trust), and obviously Eric Deters cannot purport to sign for these entities. All of it is invalid and improper under FRCP 11(a), which requires an attorney, not a *pro se* party, to sign matters on behalf of represented parties.

Due to the lack of valid response by Mr. Deters, and the lack of any response on behalf of the corporate entities, the admissions are admitted, and objections to the entirety of the discovery are waived.

We require responses to this discovery. I did want to address, to the extent it is relevant, Mr. Deters invalid and improper objections to the discovery. He has raised improper objections (as to relevance of all things, vague and improper "will supplement" objections, or "the Plaintiff has it" objections) to Interrogatory Nos. 8, 9, 11, 13, 17, and 18.

Interrogatory No. 14 is not responsive: we asked not only what he was claiming but also for dates and times, and how notice of the alleged breach was communicated and by whom. He likewise failed to respond to Interrogatory No. 22.

Mr. Deters engaged in similar improper objections and responses to Request for Production Nos. 2, 3, 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24.

I suspect that this effort is likely futile, but please provided substantive responses to the Interrogatories and Request for Production on behalf of the corporate entities immediately, and in any event not later than November 16, 2022; and, for Mr. Deters, we require substantive responses (without improper objections) to Interrogatory Nos. 8, 9, 11, 13, 17, and 18 and Request for Production Nos. 2, 3, 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, again, not later than November 16, 2022.

1

If your clients intend to make a substantive, good faith response, and to actually respond to the discovery, and need time, we are willing to entertain reasonable requests for same.
Otherwise, we will need to involve the Court.


Sincerely,


/s/Christopher Wiest

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | Alan J. Statman <ajstatman@statmanharris.com> |
| **Sent:** | Thursday, November 17, 2022 11:23 AM |
| **To:** | Chris Wiest Law |
| **Cc:** | eric@ericdeters.com |
| **Subject:** | Follow up |
| **Attachments:** | 2022.11.17 Letter.pdf |

See attached.

Alan J. Statman
Attorney at Law

# STATMAN | HARRIS | LLC
## ATTORNEYS AT LAW

November 17, 2022

## **Re: November 8, 2022 Letter**

In response to your November 8, 2022 letter, we provide the following in order of the discovery requests:

#2.  Eric stands by his answer.  He believes this matter is between he and Corey, and Eric plans to only testify and cross Corey.  No one else possesses any knowledge or will be called.  Eric's testimony does not have to be detailed in an interrogatory.  He will testify on all facts, issues and defenses related to the Complaint.  There are no surprises.

Also, pertaining to your comment about the Campaign, Bulldog Media, Inc. and the Trust- Eric Deters is the only person involved in these entities.  The campaign is not a corporate entity.  Eric Deters is the candidate of the campaign.  He's the sole owner of Bulldog Media- not involved with Corey and the Trust, not involved with Corey.

Eric Deters is the only witness for campaign, corporation and trust.

These points apply to all discovery questions.  I'll not repeat them again.  While I'll be counsel for the entities, I'm relying upon Eric as the only party and witness.

#3.  This answer is the same as #2.  Eric can't know what Corey's testimony will be, except what Corey has alleged in the Complaint.  We don't have to inform you what his cross will be.

Also, we are requesting the deposition of Corey.  Please provide dates and times.  Eric will be handling it by phone.

#5.  What's the issue?  Eric is not calling an expert.

#7.  What's the issue?  This is answered in #2.

### REQUEST FOR PRODUCTION

1.  Eric has none.

2.  Eric stands by his answer.  He has nothing that Corey doesn't already have.  Sorry he has no "jottings."

3.  Same as #2.

4.  Same as #1.

5.  Again, these records are not relevant at all.

**CINCINNATI** 35 E. 7th Street, Suite 315, Cincinnati, OH 45202 **T** 513.621.2666 **F** 513.621.4896

6. Same as #5.

7. Despite these being public record if any, Eric believes there are no outstanding judgments against him.  In addition, we object to their relevance.

8. Eric is not going to answer this.  It's not relevant.  You are trying to go on some bogus trip into Eric's finances, which have no relevancy to anything.

9. Same as #8.

10. What don't you understand?  Eric says and I agree, the contract speaks for itself.  You don't get to decide how Eric defends this.  It should be pretty obvious to you, Eric plans to do it simply: contract, him and Corey.

11. Eric explained this to me.  He needs to check and see if he has anything to add.  He doesn't think so.  Corey has the text messages between them.  There are the letters.  The phone calls- he can't produce.  That's it.

12. I agree with Eric.  There have been no "transactions."

13. Same as #11.

14. Same as #11.  Texts.  Letters.  Calls.  They show content and dates.

15. Eric doesn't have any statements.  That's why he states not applicable.

16. Same as #15.

17. Again, Eric wanted to think about it.  Thus, "will have to supplement."  He now supplements.  His answer is NONE.

18. Why should Eric state the payments when Corey already knows and has this?

19. Why do you object to our willingness to supplement?

20. Eric answered none.  He stands by his answer.  He's never been formally diagnosed, nor does he have any of those things.

21. Same as #20.
   #20 and #21 are ridiculous.  He has zero health issues, period.  None.

22. If it's a court proceeding, you can find them for yourself.  Eric stands by his answer.

23. Eric stands by his answer.

24. Eric stands by his answer.

Eric stands by all his answers to Requests for Admissions to #55 whether for him or an entity answered by him.

Consider this email my answering on behalf of the entities.

Sincerely,

STATMAN HARRIS LLC

_____

Alan Statman, Esq.

Cc: Eric Deters

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Thursday, November 17, 2022 12:20 PM |
| **To:** | 'Alan J. Statman' |
| **Cc:** | 'eric@ericdeters.com' |
| **Subject:** | RE: Follow up |

I understand your client's position.  I will ask the Magistrate Judge for a conference as soon as possible per the referral and scheduling order.

Sincerely,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)



**From:** Alan J. Statman <ajstatman@statmanharris.com>
**Sent:** Thursday, November 17, 2022 11:23 AM
**To:** Chris Wiest Law <chris@cwiestlaw.com>
**Cc:** eric@ericdeters.com
**Subject:** Follow up

See attached.



Alan J. Statman
Attorney at Law

1

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Thursday, November 17, 2022 4:23 PM |
| **To:** | 'Alan J. Statman' |
| **Cc:** | 'Tom B. Bruns'; 'Zachary Gottesman' |
| **Subject:** | letter - time sensitive |
| **Attachments:** | LetterStatman-11-17-22.pdf |
| **Importance:** | High |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

| Tracking: | Recipient | Read |
|---|---|---|
| | 'Alan J. Statman' | |
| | 'Tom B. Bruns' | |
| | 'Zachary Gottesman' | |
| | Alan J. Statman | Read: 11/17/2022 4:33 PM |

Please see attached.

Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)

1

# Chris Wiest, Attorney at Law, PLLC

25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
(513)257-1895 (cellular)
chris@cwiestlaw.com
*admitted in Kentucky and Ohio

November 17, 2022

Alan Statman
Statman Harris & Eyrich LLC
35 E 7th St, Unit 315
Cincinnati, OH 45202
By Email Only: ajstatman@statmanharris.com

Re: *Lewandowski, et. al. v. Deters*
*EDKY 2:22-cv-00106*

Dear Mr. Statman:

Judge Smith's chambers has asked me to attempt, one final time, to obtain compliance with your client's discovery obligations. This case involves claims by the Plaintiffs against Eric Deters, and corporate entities related to him (including his campaign and Trust), for breach of contract, defamation, tortious interference, fraud, fraudulent transfer, and for dissolution of the trust. (DE#1). Written discovery was served on each of the Defendants on October 7, 2022. Mr. Deters, even though he was represented by Counsel, then sent *pro se* discovery responses to us on behalf of himself on November 7, 2022. All of this response is invalid and improper under FRCP 11(a), which requires an attorney, not a *pro se* party, to sign such matters. *Moro Aircraft Leasing, Inc. v. Keith*, 789 F. Supp. 2d 841 (N.D. Ohio 2011). Thus, the response by Deters is a nullity. Under FRCP 33(b)(4) and FRCP 34(b)(2)(A) and (C), the failure to timely respond is a waiver of all other objections.[1]

Substantively, the deficient discovery can be categorized as follows: first, discovery seeking the details of any alleged issues Deters had with the performance under the contract of the Plaintiffs (Interrogatory No. 11), communications with the Plaintiff (Interrogatory No. 13), identify, including with dates and times any breaches of the contract Defendants alleged Plaintiff committed (Interrogatory No. 14), identify any admissions against interest by the Plaintiff (Interrogatory No. 17), identify payments made to the Plaintiffs by Defendants (Interrogatory No. 18).

The same is true with respect to a number of the Requests for Production, including requests to produce the entire file with respect to the Plaintiff (RFP2), all communications with the Plaintiffs (RFP3 and RFP 19), judgments or court orders rendered against Defendants (RFP 9). We also propounded document requests relating to any allegations that support specific statements in the Complaint or Mr. Deters' allegations of breach by the Plaintiffs (RFPS 11, 12, 13, 14, 15, 16, and 17) (all of which prompted a "will supplement" response).

---

[1] As an aside, the discovery included Requests for Admission; we consider all of those requests to be deemed admitted under FRCP 36(a)(3).

1

Deters response to this discovery was "will supplement," "Plaintiff has it," or "it's a public record" objections (or some combination).  Deters' response of "will supplement" is not sufficient, and courts have long held that this is not responsive.  *Moser v. Holland*, 2016 U.S. Dist. LEXIS 13797 (E.D. Cal. Feb. 3, 2016).  He needs to produce what he has now.

The same is true with the "Plaintiff has it" objections.  *Gomez v. Tyson Foods, Inc.*, 2012 U.S. Dist. LEXIS 106274, 2012 WL 3111897, *4 (D. Neb. July 31, 2012) (stating that "a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents").

And the same is true for the public record objection.  *Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 147 (S.D.N.Y. 1969) (*citing Blau v. Lamb*, 20 F.R.D. 411, 415 (S.D.N.Y. 1957)).  *See also Alberts v. Wheeling Jesuit Univ.*, 2010 U.S. Dist. LEXIS 42875 (N.D.W.Va. Apr. 19, 2010).

The discovery also sought information about financial transactions and accounts, which go to the heart of the fraud claims (some of the statements Deters made that form the basis of the fraud action are financial in nature, see Compl. at DE#1, ¶¶ 15, 77), and this same financial information goes to the heart of the fraudulent transfer and trust dissolution claims (Compl. at DE#1, ¶¶ 50-53, 83-92).  That includes Interrogatory Nos. 8 (identity of all financial assets in possession of Defendants), 9 (financial assets by businesses that Deters has an ownership interest in).

It also includes Request for Production Nos. 5 (produce financial statements), 7 (financial assets in Defendants' possession), 18 (bank statements), 20 (trust formation documents and amendments), 21 (assets of trust or transfers to/from the trust from 2/1/22 to the present), 22 (trust continuation or amendments from 1/1/22 to the present), 23 (bank statements for last two years), 24 (financial transactions over $500 for past two years), and 25 (a privilege log).

Deters' objection to the foregoing financial discovery was on grounds of relevance.  Is the disclosure of financial asset information, in a case involving allegations of fraud in connection with financial position, and in connection with fraudulent transfer and trust dissolution claims relevant?  Courts have uniformly held that such information is.  *FTC v. Trudeau*, 2012 U.S. Dist. LEXIS 160545 (NDOH 2012); *Wachovia Fin. Servs. v. Birdman*, 2010 U.S. Dist. LEXIS 151347 (SDFL 2010); *Elipas v. Jedynak*, 2008 U.S. Dist. LEXIS 122898 (NDIL 2008); *Domanus v. Lewicki*, 2011 U.S. Dist. LEXIS 172550 (ILED 2011); *Symyx Techs., Inc. v. Azentek, L.L.C.*, 2007 U.S. Dist. LEXIS 75550 (E.D. Mich. Oct. 11, 2007).

We wrote a deficiency letter to you on November 8, 2022, and pointed out that we had not received timely responses to the corporate entities, and that Mr. Deters responses were improper, both substantively, and in violation of FRCP 11(a).  You responded on November 17, 2022, with an unsigned letter, essentially suggesting that Mr. Deters stood by his responses, addressed responses to Interrogatories we did not take issue with, and failed to address responses to Interrogatories we did take issue with.

2

In the same vein, you again raised various improper objections to the RFPs, provided follow up to RFPs we did not take issue with, and failed to adequately address the issues that we did take issue with.

The Court asked that I try one more time to obtain compliance with the discovery obligations. This is that attempt.

Please contact me by 2:00 p.m. tomorrow, to see if we can talk through this, or I will let the Court know that we are at an impasse. Again, if you/your client intends to actually provide responses to the deficient discovery, I can provide more time to make the response.

Sincerely,

/s/Christopher Wiest

3

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | Alan J. Statman <ajstatman@statmanharris.com> |
| **Sent:** | Tuesday, November 22, 2022 11:54 AM |
| **To:** | Chris Wiest Law |
| **Cc:** | eric@ericdeters.com; Loretta Little |
| **Subject:** | Responses |
| **Attachments:** | Email to Chris Wiest from Alan 11-22-22.docx; 0096_001.pdf |

See attached.

Alan J. Statman
Attorney at Law
Statman Harris, LLC

1

To:    Chris Wiest

From:  Al Statman

Copy:  Eric Deters

Re:    Lewandowski

This is a follow up to my November 8, 2022 letter from your letter.  I explained the new federal rules to Eric and he's done his best to assist me in answering for the entities and himself.

First, we attach Exhibits 1 to 11.  Eric claims Corey already has all this, but we produce it under the rules.

The following corresponds with answers we supplement:

#2.  He adds Mr. Asher and references the Exhibits 1, 2, 3 and 5.  Mr.Asher knows what is referenced in the letters.  We do not plan to call Mr. Asher.  There is no one else besides Eric Deters we plan to call except Cory Lewandowsky.  Exhibits 1-11 summarize what that testimony would be.  Eric knows of no one else with information regarding this dispute.

#3.  Same as #2.  Eric Deters will testify Corey Lewandowski misrepresented his relationship with Donald Trump; Corey Lewandowski failed to assist in raising money including drafting a letter regarding Mitch McConnell.  Corey failed to promote Eric Deters candidacy in any manner.  Eric Deters will testify as to all of the above and he decided Corey Lewandowski was a mistaken hire because Eric did not trust his advice.  Eric Deters tried to redo the deal.  Corey Lewandowski refused and terminated the agreement which is exactly what Eric could have done.  As reflected by the Exhibits, Eric Deters offered a rational resolution to no success.  Eric Deters denies all the claims of Corey Lewandowski.  Eric Deters will testify he never misrepresented anything and in fact, Eric Deters proves Corey Lewandowski's allegations are false, because Eric Deters has, and still plans to self fund his campaign.  He's been doing it.  Eric Deters just did not want to use Corey.  In addition, Corey wanted Eric to hire third parties Eric did not want to hire.  Corey sent Eric their information, but Eric can't find it.  Eric will also raise the morality issue based upon Corey's conviction.

#4.  See Exhibit index and list 1-11.

#6.  See Exhibit index and list 1-11.

#8.  Eric is not going to produce these records.  You are attempting to circumvent Kentucky law on prejudgment attachment.  You have no judgment and Eric's financial records are not relevant.  We will be filing our own motion for protective order on this issue.  This is a breach of contract claim.  Proof of such is the demand letters in the exhibits.  The sole purpose of it is Chris Wiest's personal vendetta.  Eric Deters will raise all of the facts regarding the Wiest "war" with the Court and the Court will know what it is all about.  Eric's Trust and Media company have nothing to do with Corey Lewandowski's contract.

#9.  Same as #8.

#11.  See Exhibits.

#13.  See Exhibits.

#14.  See Exhibits.

#15.  None.

#16.  None.

#17.  None

#18.  See Exhibits.

#22.  None

We stand by all Requests for Admissions 1-55.

## Request For Production

#1.  See Exhibits.  There are no audio, video or electronic recordings.

#2.  See Exhibits

#3.  See Exhibits

#4.  None

#5.  See prior answer on financial records.

#6.  See Exhibits.

#7.  See #5.

#8.  None

#9.  None

#10.  See Exhibits.

#11.  See Exhibits.

#12.  See Exhibit 11.

#13.  See Exhibit 11 and Contract.

#14. See Exhibit 11.

#15.  None.

#16.  Public news reports.

#17.  Public news reports.

#18.  Same as #5.

#19.  See Exhibits.

#20.  Until the Court rules on the issue.  This will not be produced.

#21.  Same as #20.

#22.  Same as #20.

#23.  Same as #5.

#24.  Same as #5.

#25.  None.

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Wednesday, November 23, 2022 10:22 AM |
| **To:** | 'Alan J. Statman' |
| **Cc:** | 'eric@ericdeters.com'; 'Loretta Little' |
| **Subject:** | RE: Responses |

Mr. Statman:

I was able to open the later pdf that was sent.  Just to come full circle, so we are all on the same page, and to try and narrow the issues we have a dispute about:

**<u>The requests that Defendants suggest they have complied with</u>**:

Interrogatory Nos. 11 (identify any communications Deters had with the performance under the contract of the Plaintiffs), 13, (communications with the Plaintiff), 14 (identify, including with dates and times any breaches of the contract Defendants alleged Plaintiff committed), and 17 (identify any admissions against interest by the Plaintiff).  <u>For all of these, and just to confirm: the produced exhibits are everything Defendants have in response</u>.

Interrogatory No. 18: identify payments made to the Plaintiffs by Defendants, there were no payments identified – the "see Exhibits" doesn't reflect payments made (there is no accounting in the exhibits produced).  I am trying to ascertain, from Defendants, all payments made for the purpose of establishing an accounting.  I don't see this as a particularly onerous ask, nor is this really in the financial areas that he is refusing to provide information about (and addressed below) – we all know some of the payments were made – I want him to identify the date(s) and amount(s) he paid.  The rules require Defendants respond to this.

The same is true with respect to a number of the Requests for Production, including RFP 2, 3, 11, 12, 13, 14, 15, and 19: <u>Defendants are saying they have given us everything under those requests in the Exhibits – Please confirm</u>.

<u>RFP 16, and 17</u> he is saying public news reports: he needs to produce a copy of them.

<u>If you confirm in writing to me, that the Exhibits are everything that is responsive to Interrogatories Nos. 11, 13, 14, and 17, and RFP 2, 3, 11, 13, 14, 15, and 19, then we are done with those. I also need a substantive answer to payments under Interrogatory No. 18, and copies of the "public news reports" that Defendants are relying on for RFP 16 and 17</u>.

Please get me the confirmation that we have everything for <u>Interrogatories Nos. 11, 13, 14, and 17, and RFP 2, 3, 11, 13, 14, 15, and 19</u> AND the response to the <u>Interrogatory No. 18</u> and copies of the public news reports for RFP 16 and 17, no later than close of business, Monday November 28, 2022.

**<u>The financial information dispute (impasse)</u>**:

Defendants are taking the position that they will not respond to Interrogatory Nos. 8, 9, and RFP 5, 20, 21, 22, 23, and 24.  We are at an impasse.  I have communicated that this information is relevant and discoverable, and that courts hold that this information must be produced.  *FTC v. Trudeau*, 2012 U.S. Dist. LEXIS 160545 (NDOH 2012); *Wachovia Fin. Servs. v. Birdman*, 2010 U.S. Dist. LEXIS 151347 (SDFL 2010); *Elipas v.*

1

*Jedynak*, 2008 U.S. Dist. LEXIS 122898 (NDIL 2008); *Domanus v. Lewicki*, 2011 U.S. Dist. LEXIS 172550 (ILED 2011); *Symyx Techs., Inc. v. Azentek, L.L.C.*, 2007 U.S. Dist. LEXIS 75550 (E.D. Mich. Oct. 11, 2007). I have also raised that there were not proper, timely objections raised to their production. *Moro Aircraft Leasing, Inc. v. Keith*, 789 F. Supp. 2d 841 (N.D. Ohio 2011). Thus, the response by Mr. Deters himself is a nullity. Under FRCP 33(b)(4) and FRCP 34(b)(2)(A) and (C), the failure to timely respond is a waiver of all other objections.

In any event, I think we are in agreement that we are at an impasse.

-Chris


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)


---

**From:** Alan J. Statman <ajstatman@statmanharris.com>
**Sent:** Wednesday, November 23, 2022 9:28 AM
**To:** chris@cwiestlaw.com
**Cc:** eric@ericdeters.com; Loretta Little <llittle@ericdeters.com>
**Subject:** Re: Responses

Did you get them

Alan J. Statman
Attorney at Law
Statman Harris, LLC


> On Nov 22, 2022, at 3:34 PM, chris@cwiestlaw.com wrote:
>
>
> Alan:
>
> Can you rescan or resend the pdf? I am unable to open same – it is giving me a file corrupt message.
>
> Thank you,
>
>
> Christopher Wiest
> Chris Wiest, Attorney at Law, PLLC
> 25 Town Center Blvd, Ste. 104
> Crestview Hills, KY 41017
> 513-257-1895 (v)

2

**From:** Alan J. Statman <ajstatman@statmanharris.com>
**Sent:** Tuesday, November 22, 2022 11:54 AM
**To:** Chris Wiest Law <chris@cwiestlaw.com>
**Cc:** eric@ericdeters.com; Loretta Little <llittle@ericdeters.com>
**Subject:** Responses

See attached.

Alan J. Statman
Attorney at Law
Statman Harris, LLC

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | Alan J. Statman <ajstatman@statmanharris.com> |
| **Sent:** | Wednesday, November 23, 2022 10:26 AM |
| **To:** | chris@cwiestlaw.com |
| **Cc:** | eric@ericdeters.com; Loretta Little |
| **Subject:** | Re: Responses |

We are certainly at an impasse on financial info.

Alan J. Statman
Attorney at Law
Statman Harris, LLC


On Nov 23, 2022, at 10:21 AM, chris@cwiestlaw.com wrote:


Mr. Statman:

I was able to open the later pdf that was sent.  Just to come full circle, so we are all on the same page, and to try and narrow the issues we have a dispute about:

**<u>The requests that Defendants suggest they have complied with</u>**:

Interrogatory Nos. 11 (identify any communications Deters had with the performance under the contract of the Plaintiffs), 13, (communications with the Plaintiff), 14 (identify, including with dates and times any breaches of the contract Defendants alleged Plaintiff committed), and 17 (identify any admissions against interest by the Plaintiff).  <u>For all of these, and just to confirm: the produced exhibits are everything Defendants have in response</u>.

<u>Interrogatory No. 18</u>: identify payments made to the Plaintiffs by Defendants, there were no payments identified – the "see Exhibits" doesn't reflect payments made (there is no accounting in the exhibits produced).  I am trying to ascertain, from Defendants, all payments made for the purpose of establishing an accounting.  I don't see this as a particularly onerous ask, nor is this really in the financial areas that he is refusing to provide information about (and addressed below) – we all know some of the payments were made – I want him to identify the date(s) and amount(s) he paid.  The rules require Defendants respond to this.

The same is true with respect to a number of the Requests for Production, including RFP 2, 3, 11, 12, 13, 14, 15, and 19: <u>Defendants are saying they have given us everything under those requests in the Exhibits – Please confirm</u>.

<u>RFP 16, and 17</u> he is saying public news reports: he needs to produce a copy of them.

<u>If you confirm in writing to me, that the Exhibits are everything that is responsive to Interrogatories Nos. 11, 13, 14, and 17, and RFP 2, 3, 11, 13, 14, 15, and 19, then we are done with those. I also need a substantive answer to payments under Interrogatory No. 18, and copies of the "public news reports" that Defendants are relying on for RFP 16 and 17</u>.

1

Please get me the confirmation that we have everything for <u>Interrogatories Nos. 11, 13, 14, and 17, and RFP 2, 3, 11, 13, 14, 15, and 19</u> AND the response to the <u>Interrogatory No. 18</u> and copies of the public news reports for RFP 16 and 17, no later than close of business, Monday November 28, 2022.

**<u>The financial information dispute (impasse)</u>**:

Defendants are taking the position that they will not respond to Interrogatory Nos. 8, 9, and RFP 5, 20, 21, 22, 23, and 24.  We are at an impasse.  I have communicated that this information is relevant and discoverable, and that courts hold that this information must be produced.  *FTC v. Trudeau*, 2012 U.S. Dist. LEXIS 160545 (NDOH 2012); *Wachovia Fin. Servs. v. Birdman*, 2010 U.S. Dist. LEXIS 151347 (SDFL 2010); *Elipas v. Jedynak*, 2008 U.S. Dist. LEXIS 122898 (NDIL 2008); *Domanus v. Lewicki*, 2011 U.S. Dist. LEXIS 172550 (ILED 2011); *Symyx Techs., Inc. v. Azentek, L.L.C.*, 2007 U.S. Dist. LEXIS 75550 (E.D. Mich. Oct. 11, 2007).  I have also raised that there were not proper, timely objections raised to their production. *Moro Aircraft Leasing, Inc. v. Keith*, 789 F. Supp. 2d 841 (N.D. Ohio 2011).  Thus, the response by Mr. Deters himself is a nullity.  Under FRCP 33(b)(4) and FRCP 34(b)(2)(A) and (C), the failure to timely respond is a waiver of all other objections.

In any event, I think we are in agreement that we are at an impasse.

-Chris


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)


**From:** Alan J. Statman <ajstatman@statmanharris.com>
**Sent:** Wednesday, November 23, 2022 9:28 AM
**To:** chris@cwiestlaw.com
**Cc:** eric@ericdeters.com; Loretta Little <llittle@ericdeters.com>
**Subject:** Re: Responses

Did you get them

Alan J. Statman
Attorney at Law
Statman Harris, LLC


On Nov 22, 2022, at 3:34 PM, chris@cwiestlaw.com wrote:

Alan:

Can you rescan or resend the pdf?  I am unable to open same – it is giving me a file corrupt message.

Thank you,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)


---

**From:** Alan J. Statman <ajstatman@statmanharris.com>
**Sent:** Tuesday, November 22, 2022 11:54 AM
**To:** Chris Wiest Law <chris@cwiestlaw.com>
**Cc:** eric@ericdeters.com; Loretta Little <llittle@ericdeters.com>
**Subject:** Responses

See attached.

Alan J. Statman
Attorney at Law
Statman Harris, LLC

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Thursday, December 1, 2022 3:20 PM |
| **To:** | 'Alan J. Statman' |
| **Cc:** | 'Tom B. Bruns'; 'zg@zgottesmanlaw.com' |
| **Subject:** | Deters v. Lewandowski |

Alan:

We all participated today, and what I heard the Judge say was that the authority we presented was not sufficient for her to compel the production of the financial information.

Well, in the interest (again) of exhausting extra judicial means, and prior to filing the motion to compel, I wanted to share a couple of cases with you.  Primarily *Grayiel v. Aio Holdings*, No. 3:15-CV-00821-TBR-LLK, 2017 U.S. Dist. LEXIS 233617 (W.D. Ky. May 2, 2017) (compelling financial information in furtherance of fraud/fraudulent transfer claims in a prejudgment context).  Why we didn't find it before, I don't know, but we have found it, and we now provide it to you.  With similar allegations of fraud and fraudulent transfer, the Western District of Kentucky compelled the responses to similar discovery requests.

I know your client isn't likely to provide the information without a court order.  But I also think it would be unfair of us to spring new authority on you and your client without a heads up, in the spirit of attempting to exhaust.  That said, if you/your client re-evaluates, in light of the authority above, please let me know, and not later than December 8, 2022.

Turning to one other outstanding issue: Your client responded with "public news reports" to RFP 16 and 17.  I need those still.

Sincerely,

Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)

1

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | Alan J. Statman <ajstatman@statmanharris.com> |
| **Sent:** | Tuesday, December 6, 2022 1:30 PM |
| **To:** | chris@cwiestlaw.com |
| **Subject:** | Discovery dispute |

To:     Chris Wiest

From:   Alan Statman

Copy:  Eric Deters
        Loretta Little
        Sarah York

RE:     Lewandowski v. Deters

    We reviewed the case law you sent over.  We do not believe it applies at all.  Our case is a breach of contract.  That case involved a Ponzi scheme.  In our case, there is absolutely no issue that if you won your case on the contract, Eric could and would pay the judgment.  In addition, a fact you seem to not grasp is Eric HAS continued to self-finance his campaign and plans to continue to do so.  The whole premise of your lawsuit is flawed.

We again are at an impasse.

Alan

1