IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY – At Covington

Electronically Filed

| | |
|---|---|
| **COREY R. LEWANDOWKSI, et. al.** | : Case No. 2:22-cv-00106-DLB-CJS |
| **Plaintiffs** | : |
| v. | : |
| **ERIC DETERS, et. al.** | : |
| **Defendants** | : |

### MOTION FOR EXTENSION AND CONTINUANCE OF CASE MANAGEMENT SCHEDULE

Plaintiffs, through Counsel, move to continue the current case management schedule.

**I.   FACTS**

This lawsuit, making claims of breach of contract, fraud in the inducement, defamation, false light, fraudulent transfer, and for trust dissolution was filed on August 15, 2022. [DE#1]. The parties met and conferred, and produced a FRCP 26(f) plan on September 23, 2022. [DE#14]. The Court entered a case schedule on September 26, 2022. [DE#15]. There is a fact discovery cutoff of April 3, 2023, a Plaintiff's expert deadline of April 3, 2023, a expert discovery cutoff in June 17, 2023, and dispositive motions on June 17, 2023. *Id.*

Approximately two weeks after the entry of the scheduling order, Plaintiffs diligently propounded written discovery upon the Defendants on October 7, 2023. [DE#23-1, PageID#268-299]. And, consequently, a discovery dispute arose, involving the Defendants' refusal to respond to, and answer, discovery related to financial information. [DE#23]. After repeatedly engaging in efforts to obtain the discovery informally (including an informal request by the Magistrate Judge to go back and try again to get the information informally in November, 2023) [DE#23], the Plaintiffs undertook to involve the Court and Magistrate Judge and a Step

1

Two conference with the Court was held December 1, 2022 [DE#21], and then the filing of a Motion to Compel on December 14, 2022. [DE#23].

Defendants sought and obtained extension of time to respond to that motion to January 19, 2023 [DE#22, 24, 26, 29]. Plaintiffs timely replied on January 24, 2023. [DE#31].

It is now early February, 2023, and the discovery dispute has persisted since early November, 2022 – persisting for four months as of the date of this motion, and will continue to persist until the motion to compel is decided. Plaintiffs have not taken depositions because we do not have documents and responses to the disputed discovery, and Plaintiffs have not engaged experts, because we do not have documents and responses to the disputed discovery. In short, the discovery dispute has put an effective pause on the ability to prepare the case for trial, or dispositive motion practice.

We thus request a seven month extension of existing deadlines, which accounts for the four months of the discovery dispute to date, and another three months to permit a decision on the pending motion to compel, as well as time for the filing of filing objections to any decision by the Magistrate Judge, and what we believe are likely to be additional disputes over compliance with any order on a motion to compel. A proposed order is attached.

## II.     LAW AND ARGUMENT

Under FRCP 16(b), a scheduling order may be modified "for good cause" with the consent of the Court. The Sixth Circuit has directed courts to primarily consider "the moving party's diligence in attempting to meet the [scheduling] order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Plaintiffs demonstrate good cause if they show that "despite their diligence[,] they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).

2

Here, Plaintiffs have demonstrated that they timely pursued written discovery, in advance of other discovery, a common practice. They likewise demonstrated that the discovery dispute, which Plaintiffs have timely pursued, has persisted for more than four months, and has led to the need to adjust the current schedule. In short, Plaintiffs have demonstrated good cause and diligence.

### III. CONCLUSION

Wherefore, Plaintiffs request an extension of the existing schedule. A proposed order is attached.

Respectfully Submitted,

/s/Christopher Wiest_____
Christopher Wiest (KBA 90725)
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
513-257-1895 (v)
chris@cwiestlaw.com

/s/Thomas Bruns_____
Thomas B. Bruns (KBA 84985)
4555 Lake Forrest Dr., Suite 330
Cincinnati, OH 45242
tbruns@bcvalaw.com
513-312-9890 (c)

/s/Zach Gottesman_____
Zach Gottesman (KBA 86288)
404 East 12 St., First Floor
Cincinnati, OH 45202
zg@zgottesmanlaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon all counsel of record, by filing same in the Court's CM/ECF system, this 2 day of February, 2023.

/s/Christopher Wiest