**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY – At Covington**

**Electronically Filed**

| | |
|---|---|
| **COREY R. LEWANDOWKSI, et. al.** | : Case No. 2:22-cv-00106-DLB-CJS |
| **Plaintiffs** | : |
| v. | : |
| **ERIC DETERS, et. al.** | : |

**DECLARATION OF CHRISTOPHER WIEST**

1. I am a citizen of Kentucky above the age of 18 years old, competent to testify to the matters herein, which are based on personal knowledge.

2. I am Plaintiffs' Counsel in *Lewandowski v. Deters*, Case No. 2:22-cv-00106-DLB-CJS.

3. This case includes a breach of contract, fraud, and defamation claim against Eric C. Deters, Deters for Governor, and Bulldog Media, Inc.

4. This case arose from a contract in which Corey Lewandowski agreed to be Eric Deters's political consultant for his run for Governor. Mr. Deters did not pay Mr. Lewandowski, even though Mr. Deters represented to Mr. Lewandowski that he was independently wealthy and could self-finance his campaign, inducing Mr. Lewandowski to agree to take Mr. Deters as a client.

5. Due to Mr. Deters's non-payment and fraud, this lawsuit was filed.

6. As a result of a discovery dispute, and an order from this Court directing Plaintiffs to narrow their discovery, which they did (Doc. 40), on October 2, 2023, Plaintiffs served Defendants with updated and narrowed discovery requests in compliance with this Court's order denying without prejudice Plaintiffs' Motion to Compel.

1

7. In the updated Discovery, true and accurate copies of which are attached as Exhibits A-1, A-2, and A-3 to the Motion to Quash Response, Plaintiffs requested Defendants, among other things, to "Please identify all financial assets that were in your possession, custody, or control from January 1, 2022 through July 30, 2022 and that (i) were available to fund your governor campaign or (ii) were or would have been included in any statements you made about your wealth to third parties, including to Mr. Lewandowski."

8. Mr. Deters did not submit a response by the deadline, October 16, 2023. Plaintiffs then contacted Defendants by written correspondence on October 18, 2023 in order to resolve this matter without involving the Court.

9. Mr. Deters agreed to answer Plaintiffs' discovery requests after Plaintiffs agreed to a protective order, which the parties agreed to and the court entered, (Doc. 42).

10. After the protective order was submitted, Mr. Deters again failed to respond to discovery, so counsel, again, on October 30, 2023, wrote written correspondence asking for substantive responses to the discovery. We did not receive substantive responses to the discovery, but we *did* receive financial statements that day from Mr. Deters, which were dated May 4, 2020 and November 5, 2021. We have filed those under seal for the record (at least for now), pursuant to a pending motion to seal (Doc. 45), and filed at Doc. 47.

11. The financial statements generally reveal or claim financial interests in accounts and assets (including a law firm) that are the subjects of the subpoenas.

12. Plaintiffs have multiple reasons to believe that the Financial Statement produced by Defendants materially false.

13. Defendant Eric Deters informed Plaintiff Corey Lewandowski that he was not paying him because Defendant Eric Deters was financially incapable of fulfilling his contractual

2

obligations, months after he represented that he had more than $5 million in the bank to fund a campaign. (Compl. ¶¶ 33, 35).

14. The Financial Statement, however, indicates that Defendant Eric Deters would have been more than capable of paying for Lewandowski's consulting fees based on his bank account balances alone (and, more than that, Mr. Lewandowski relied on these representations after he gave Mr. Deters a campaign budget that Mr. Deters agreed he could and would meet).

15. This alone calls into serious doubt the legitimacy of the Financial Statement as Mr. Deters informed Mr. Lewandowski of his inability to pay his obligations to him after he received but did not pay a bill months later. Yet, Mr. Deters's financial statement seems to suggest he was able to pay (or, as we suspect, the financial statement is materially inaccurate).

16. Defendant Eric Deters further claims that he has an ownership interest in a law firm with a valuation that he placed upon that interest. I am aware that the Kentucky and Ohio Rules of Professional Conduct forbid non-attorneys from holding any ownership interest in a law firm. Ky. R. Sup. Ct. 3.130(5.4)(d)(1); Ohio R. Prof'l. Cond. 5.4(d)(1). That raises yet other questions about the financial statement.

17. For these reasons, I issued the subpoenas referenced in Defendants' Motion to Quash, on November 2, 2023.

18. I served these subpoenas in order to verify the information submitted to Plaintiffs by Defendants in the financial statement, in a narrow and judicious manner that would have avoided a waste of judicial economy, rather than have an ongoing dispute with Defendants about their lack of responsiveness to discovery as the Court has ordered.

3

19. I gave each person and entity subjected to the subpoenas until Monday, November 27, 2023 to comply with the subpoenas.

20. I issued these subpoenas by certified mail, return receipt requested, as the law allows and provides for.

21. I have further received green slips from the United States Postal Service, proving that the persons and entities subject to the subpoenas have received them.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.

Executed on __11/27/2023_____.   _____

Christopher Wiest

4